32933, 32998. DuBOIS v. DuBOIS (two cases).

HALL, Justice.

These appeals involve the same case, and have been consolidated for decision. Number 32933 is an appeal from the denial of Dr. DuBois' motion to dismiss the appeal in Number 32998.

1. The motion to dismiss was based on the failure of Mrs. DuBois to file a transcript, or request an extension of time in which to file a transcript, within the (already extended) time, as required by Code Ann. § 6-806. Mrs. DuBois requested a second extension of time two days after the expiration of the extended period, and this was granted, but not before the motion to dismiss was filed. The delay in filing the transcript was caused by the clerk's delay in having one prepared; indeed, the transcript was not ready for several more months.

The failure to timely file a transcript is not a basis for dismissal of the appeal unless the trial court finds that the delay was unreasonable, and that the unreasonable delay was inexcusable. Code Ann. § 6-809 (b), see *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53 (226 SE2d 737) (1976). The trial court's decision on this issue will be reversed only for an abuse of discretion. See *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447) (1975). Cf. *Young v. Climatrol Southeast Dist. Corp.,* supra. There was no abuse of discretion in this case.

2. In Number 32998 Mrs. DuBois appeals, enumerating two errors. The first enumeration of error relates to the exclusion of portions of the testimony of an economist called as an expert witness for Mrs. DuBois. The testimony would have included two estimates concerning the amount which would be spent for child support by hypothetical families. The first estimate was the percentage of "disposable income" (as defined) which families in the area with disposable incomes of $25,000—$30,000 per year spent on their only child. The figures given were based on statistics gathered by government agencies. The definition of "family" was not given, therefore it is unclear whether this was limited to families with parents living separately. Moreover, the figure given included an extra sum for the payment of

college expenses after the child reached the age of majority, yet parents are under no legal duty to provide for this expense. *Coleman v. Coleman,* 240 Ga. 417 (1977).

This estimate was irrelevant, and properly excluded. See *City of Atlanta v. Sciple,* 19 Ga. App. 694, 700 (92 SE 28) (1917). Dr. DuBois does not have disposable income in the range of $25,000—$30,000, or anywhere near that amount. The expert testified that there were no figures for families with income of the level of Dr. DuBois, and that the difference in income levels would affect the percentage spent on a child. Moreover, the figures were not shown to be relevant to the family situation of the DuBois family after the divorce, and the figures were not limited to amounts spent pursuant to the legal obligation of support, but rather included sums for college. Because this testimony was not relevant to any issue in this case, we do not consider whether such testimony, even if based on relevant statistics, would ever be admissible.

The second estimate which was excluded was of the specific dollar amount a family with Dr. DuBois' "disposable income" would spend on an only child. This estimate also included an amount for college, and failed to show that it was taking into account the DuBois family situation. But even more seriously, the estimate was reached by applying the percentage figure discussed above to Dr. DuBois' income, when that percentage was shown not to be applicable to Dr. DuBois' income level. Expert testimony must be excluded if the testimony of the expert shows that the method used to reach the opinion is unreliable.

3. The second enumeration of error deals with the exclusion of the testimony of Dr. DuBois as to the monthly allowance he gave Mrs. DuBois while they were living together. Dr. DuBois was called as the first witness for Mrs. DuBois (the plaintiff) solely for the purpose of cross examination. The trial court ruled out the testimony at that time, but stated that it could be elicited later in the trial, as in fact it was. The trial court has discretion to control the order of proof. *Walker v. Walker,* 14 Ga. 242 (5) (1853); *Woodward v. State,* 197 Ga. 60, 69 (28 SE2d 480) (1943). There was no abuse of discretion in this case.

*Judgments affirmed. All the Justices concur, except*

*Hill, J., who concurs in the judgments only.*

ARGUED NOVEMBER 16, 1977 — DECIDED DECEMBER 5, 1977.

*Davis, Matthews & Quigley, Baxter L. Davis,* for appellant.

*Cathey & Strain, Dennis T. Cathey, Wills, Catts & Ford, James L. Ford,* for appellee.