## 58413. McINTYRE v. GULF OIL CORPORATION.

BANKE, Judge.

Appellee, Gulf Oil Corporation, sought and obtained a writ of possession against appellant McIntyre, who operated a service station owned by appellee. Appellant filed a timely notice of appeal to this court on January 9, 1979, specifying that the transcript of the hearing would be included in the record on appeal. On the same day, appellant paid the clerk of the court $126, the cost of transmitting the record. Appellant was notified by letter

from the court reporter, dated January 17, 1979, that the transcript would be prepared upon receipt of the payment of the cost of preparation, approximately $114. This notice was ignored, and on February 27 appellee moved to dismiss the appeal. The trial court granted the motion, finding that appellant's delay in filing the transcript was both unreasonable and inexcusable. Appellant enumerates as error the trial court's failure to rule that his $126 payment to the clerk on January 9 constituted substantial compliance with Code Ann. § 6-805 (c) and contends that the court failed to exercise its discretionary power to grant him an extension of time for filing the transcript. *Held:*

Code Ann. § 6-809 (b) provides: "No appeal shall be dismissed or its validity affected for any cause or consideration of any enumerated error refused, except for: (1) failure to file notice of appeal within the time required as provided in this law or within any extension of time granted hereunder; (2) where the decision or judgment is not then appealable; or (3) where the questions presented have become moot. No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court, but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party; and in like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit. . ."

At the hearing on the motion to dismiss the appeal, appellant offered no evidence to explain his failure to pay for the preparation of the transcript, although his argument on appeal suggests inadvertence. The trial court made an explicit finding that the delay was the appellant's fault and that it was both unreasonable and inexcusable. "The trial court's decision on this issue will

be reversed only for an abuse of discretion." *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706) (1978). See *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53 (226 SE2d 737) (1976). The record reveals no abuse of discretion in this case.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979.

*Al Johnson,* for appellant.
*James H. Cox, Keith E. Parks,* for appellee.