### 62910. MAWHORTER et al. v. MAWHORTER.

McMURRAY, Presiding Judge.

This case involves a garnishment proceeding after the plaintiff had domesticated a foreign judgment in this state involving child support and alimony. The defendant father and former spouse filed a traverse, contending the plaintiff had secured the judgment and fi. fa. by fraud and deceit "due to fraudulent misrepresentations and fraudulent conduct." The garnishee (Ramtec, Inc., of which defendant is the sole stockholder) answered, denying that it had in its possession any property of the defendant whatsoever. Plaintiff then traversed the garnishee's answer as being untrue and legally insufficient. After discovery, the trial court made certain findings of fact with reference to the defendant's traverse and denied same. The court then considered the plaintiff's traverse to the garnishee's answer and granted same, rendering judgment against the corporate garnishee in favor of the plaintiff, also piercing the corporate veil.

The defendant and garnishee filed notice of appeal on February 16, 1981, within 30 days of the judgment on January 20, 1981. Thereafter, the plaintiff sought a supersedeas bond contending the appeal was merely a dilatory tactic to prevent plaintiff from enforcing her lawful judgment, the same having been filed solely for the purpose of delay. The motion for supersedeas bond was granted on March 12, 1981, requiring a supersedeas bond in the amount of the judgment.

On May 20, 1981, plaintiff filed a motion to dismiss the appeal for the failure of the defendant and the garnishee to promptly and timely pursue their appeal. It is noted here that the notice of appeal, filed February 16, 1981, by counsel different from defendant's and garnishee's present counsel, directed the trial court clerk to "omit

nothing from the record" and stated that a "[t]ranscript of evidence and proceedings will be filed for inclusion in the record on appeal." No motion for extension of time in which to obtain the transcript of evidence was made, and the motion to dismiss the appeal was set down in an order dated May 20, 1981, for a hearing on May 27, 1981. On May 22, 1981, the defendant and the garnishee, by present counsel, amended their notice of appeal to strike the inclusion in the record on appeal of the transcript of evidence and proceedings. Thereafter, the trial court in a final order dismissing the appeal, dated May 29, 1981, stated it had heard and considered evidence as well as argument and rendered a finding of fact setting forth in detail the various and sundry actions of this case as set forth above, as well as information relative to correspondence of the defendant and the garnishee with the court reporter with reference to ordering and paying for same and the starting and stopping of the preparation of the transcript. The court concluded as a matter of law that the defendant and the garnishee had made little or no effort to acquire the transcript, thereby "causing an unreasonable delay for which the parties filing the appeal have no excuse," and "have delayed unreasonably in pursuing," the appeal, hence, they have not actively pursued their appeal. The court then, in dismissing the appeal, stated that the defendant and the garnishee, "have unreasonably delayed the appeal of this case and that such delay is inexcusable." The defendant and the garnishee appeal this judgment. *Held:*

1. As to both of the appeals filed in this case there has been no transcript of the evidence and proceedings filed. Accordingly, the findings of fact of the trial court with reference to the delay in the preparation of the original transcript must be accepted as true with reference to the negotiations between the court reporter and the appellants, including the giving of a check which "was not good"; the issuance of a second check and thereafter the court reporter being told "to stop said transcript." We note that the first notice of appeal was filed on February 16, 1981. The court reporter then received correspondence on March 12, 1981, from appellants "requesting that they be informed as to the cost of the transcript." Thereafter, on April 6, 1981, the court reporter was informed by appellants to begin transcribing the record, "and at that time was presented with a check for said transcript." She was then informed "not to begin the transcript because the check which had been tendered was not good." On May 4, 1981, she received a second check "and was again told to begin transcribing the record." On May 18, 1981, she was told to "stop said transcript." On May 22, 1981, two days after the plaintiff had filed her motion to dismiss the appeal, the notice of appeal was amended requesting that the trial court clerk forward the record of

the case, but omit the transcript. Under the circumstances of this case as set forth in the findings of fact of the trial court, we are unable to hold that the trial court's order dismissing the appeal for the failure to get a timely transcript of the record prepared in the case was an abuse of discretion. We hold that the trial court did not err in determining that the appellants had "unreasonably delayed the appeal of this case and that such delay is inexcusable," and in thereafter dismissing the appeal. We do not find that the trial court has abused its discretion in rendering the judgment here. See *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706); *Gilman Paper Co. v. James,* 235 Ga. 348, 349 (219 SE2d 447); *McIntyre v. Gulf Oil Corp.,* 151 Ga. App. 855, 856-857 (261 SE2d 766); *ITT Industrial Credit Co. v. Burnham,* 152 Ga. App. 641, 642 (263 SE2d 482).

2. The remaining enumerations of error are in regard to the judgment in granting the garnishment action, and said appeal has been dismissed by the trial court. Accordingly, these enumerations of error are not meritorious.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 18, 1982 —
REHEARING DENIED FEBRUARY 17, 1982.

*William G. Posey,* for appellants.
*Harry W. Krumenauer,* for appellee.