## 62855. GREEN v. WEAVER et al.

McMURRAY, Presiding Judge.
This case involves the dismissal of a notice of appeal with reference to a verdict and judgment in a dispossessory proceeding for nonpayment of rent. The notice of appeal stated that the entire record was necessary and a transcript would be included. The motion to dismiss the appeal alleges that the notice of appeal was timely, but that as of the date of the filing of the motion neither the record nor the transcript had been prepared and forwarded, nor had the appellant moved the court for an extension of time within the time provided by law.

The finding of the trial court was that no order was entered extending the time for filing of a transcript in the appeal and concluded as a matter of law that same had to be applied for and granted within 30 days of the notice of appeal being filed, as same "is jurisdictional in nature and is mandatory." The motion to dismiss the

appeal was granted, and the appeal was dismissed. The appellant here appeals this dismissal. *Held:*

As has been stated in *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55 (226 SE2d 737), "the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." The Supreme Court, at page 54, quoted from Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986) that " 'where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by [the appellant] the trial court may order the appeal dismissed.' " Clearly, the trial court was in error in dismissing this appeal based upon jurisdictional grounds and in failing to determine whether or not the delay, if any, was "unreasonable," and then "inexcusable." See also in this connection such cases as *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706); *Gilman Paper Co. v. James,* 235 Ga. 348, 349 (219 SE2d 447); *McIntyre v. Gulf Oil Corp.,* 151 Ga. App. 855, 856-857 (261 SE2d 766); *ITT Industrial Credit Co. v. Burnham,* 152 Ga. App. 641, 642 (263 SE2d 482); *Mawhorter v. Mawhorter,* 161 Ga. App. 293.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1982.

*J. Robert Joiner,* for appellant.
*Ronald P. Jayson,* for appellees.