64123. WHITE et al. v. OLDERMAN REALTY & DEVELOPMENT COMPANY.

McMURRAY, Presiding Judge.

This case involves the dismissal of a notice of appeal with reference to a verdict and judgment in a foreclosure of a mechanic's and materialman's lien. Therein a money judgment was awarded the plaintiff against the defendants with a special judgment awarded giving a lien to certain real estate of the defendants.

The notice of appeal stated that the entire record was necessary and a transcript would be included. A motion for supersedeas bond was made and denied. Thereafter within 32 days after the filing of the notice of appeal plaintiff filed a motion to dismiss alleging that no transcript of evidence had been filed in the case to date and no order was obtained extending the time in which to prepare the evidence and record of proceedings as required by Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21) authorizing the trial court to grant extensions of time with reference to the filing of the transcript and providing that any such application "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."

After hearing argument of counsel and reviewing all appropriate materials the trial court rendered a judgment reciting that no application for extension of time to file the transcript was filed "prior to the running of thirty days from September 14, 1981, as required" by Code Ann. § 6-804, supra, and that no excusable neglect on the defendants' part had been shown. Therefore, the court dismissed the defendants' appeal. The defendants appeal this dismissal. *Held:*

We here call attention to Code Ann. § 6-809 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968 pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986) wherein under the procedure to seek appellate review it has been expressly stated that dismissals of appeals are generally prohibited but same are permitted in certain situations and that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown the delay was inexcusable and was caused by such party." The controlling case with reference to this statute is *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55 (226 SE2d 737), which holds, "the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." At page 55 the Supreme Court held that in order for the trial court to dismiss an appeal two elements must be present

which are, "the delay was *unreasonable* and . . . the unreasonable delay was *inexcusable,*" and in passing upon these issues it was then stated that there was no finding made that a two-day delay in that case (payment of costs) "was unreasonable and . . . it was error to dismiss the appeal." It is true that the trial court's order of dismissal in the case sub judice states it was made after "hearing argument of counsel and reviewing all appropriate materials," and we note there is no transcript of that hearing. The notice of appeal recites that "no hearing was held prior to the court's action dismissing the appeal and the court has not complied with the law and the precedent . . . [that is,] the court did not make a finding that the defendants had caused unreasonable or inexcusable delay in the transmission of the record . . . [and did not] make an express finding that the delay was unreasonable." While counsel for defendants by brief states that it was represented to the court that the defendants were without fault and their counsel had been extremely ill and hospitalized during the time frame of October 10 through 26, 1981, we cannot accept this in consideration of the appeal. Counsel does insist by brief that no other hearing or evidence was presented and none of the discussion was recorded. Nevertheless, *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55, supra, specifies the two elements necessary to dismiss. The trial court in its order in the case sub judice failed to so find even if we accept the finding of the court that "[n]o excusable neglect on defendants' part has been shown" for the two-day delay as being "inexcusable" delay. That case spelled out in no uncertain terms that a finding must be made that "the delay was *unreasonable* and . . . the unreasonable delay was *inexcusable.*" The order of dismissal fails to meet the requirements of. *Young v. Climatrol Southeast Dist. Corp.,* supra, as set forth at page 55 thereof. See the recent case of *Green v. Weaver,* 161 Ga. App. 295, 296 (291 SE2d 247), and cases cited therein. Compare *Mawhorter v. Mawhorter,* 161 Ga. App. 293, 294-295 (1) (291 SE2d 722).

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 13, 1982.

*Murray M. Silver,* for appellants.
*Jerrold W. Hester,* for appellee.