### 65704. WHITE et al. v. OLDERMAN REALTY & DEVELOPMENT COMPANY.

MCMURRAY, Presiding Judge.

Joe L. White, Jr. and Dr. Mae T. White, entered into a contract for improvements to certain real estate with Olderman Realty & Development Company. Subsequently, Olderman Realty & Development Company sued the Whites, contending it had fully performed the contract and that the defendants owed the plaintiff $8,996.37, plus interest, which the defendants had refused to pay, and a claim of lien was filed against the property.

The defendants answered, in substance denying the claim, admitting, however, there was a construction contract for improvements of the real property but that the work was not performed in accordance with the specifications and drawings and other deficiencies in construction which the plaintiff failed and refused to remedy. The defendants counterclaimed for damages for defective work in the amount of $14,851 arising out of contractor costs to remedy the deficiencies, loss of earnings and attorney fees and sums spent to complete the work.

The case proceeded to trial and a verdict and judgment was rendered for the plaintiff in the amount of $8,746.37 and also rendered in favor of defendants on the counterclaim for breach of contract in the amount of $1,500. The judgment of the court likewise awarded the plaintiff a special judgment giving a lien against the real estate. The defendants appeal. *Held:*

1. This is the second appearance of this case in this court. See *White v. Olderman Realty &c. Co.,* 163 Ga. App. 57 (293 SE2d 726). However, that appearance in nowise controls with reference to the review here. In the first appearance, we merely reversed the trial

court in dismissing the notice of appeal. Again plaintiff has filed a motion to dismiss in this court, contending that in the absence of legal error an appellate court would be without jurisdiction to interfere with a verdict supported by some evidence, citing *Durdin v. Taylor,* 159 Ga. App. 675 (285 SE2d 51); and *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). We note here that on return of the remittitur in *White v. Olderman Realty &c. Co.,* 163 Ga. App. 57, supra, no further hearing was held with reference to the motion to dismiss in the trial court. The movant has shown no grounds for dismissal of the appeal presently in this court with reference to appellate jurisdiction. That motion is denied.

2. The first enumeration of error contends that the verdict of the jury and the judgment of the court is contrary to the weight of the evidence. On appeal it is the duty of this court to construe the evidence more strongly in support of the verdict and judgment. See *Bailey v. Lurlee, Inc.,* 131 Ga. App. 546 (206 SE2d 529). Further, if there is any evidence to support the jury's verdict and the court's judgment, that judgment will not be disturbed on appeal. See *Scott v. Scott,* 243 Ga. 472, 473 (254 SE2d 852); *Williams v. Murray,* 239 Ga. 276 (236 SE2d 624). While, admittedly, the verdict of the jury (the judgment following same) was somewhat confusing in that there was a monetary award to both the plaintiff ($8,746.37) and to the defendants ($1,500), both arising out of the same contract with reference to the work performed; nevertheless, defendants have failed to point out wherein said verdict and judgment was in error. No citations of authority are contained in the brief to this first enumeration, the defendants merely arguing the evidence in their favor that the plaintiff had breached the contract requiring defendants to take over the job in order to complete same. The jury having heard the evidence and reached its own conclusion with reference to the work performed under the contract and subsequent novations mutually agreeable with reference to the work to be performed, no reasons have been shown to set the verdict and judgment aside.

3. The remaining enumeration of error is a general objection to the charge of the court that it was contrary to the law and the facts. Again, the defendants have not followed Rule 15 of the Rules of the Court of Appeals of Georgia, adopted February 23, 1981, effective September 1, 1981, in merely rearguing various charges of the court with reference to the entire charge as given, and no proper reference is made to the transcript to show the location of the instructions of the court complained of or where the evidence did not authorize such a charge. The brief does refer to the transcript where the objections to the charge were made but does not show where in the charge that

those instructions were given. Further, by examination of the old record of the first appearance in this court we did locate plaintiff's written requests to charge. No reference was made to this fact. For instance, in paragraph 1 of the argument defendants contend that the trial court erred in giving plaintiff's written request to charge (Number 1) without pointing out where the instruction was given in the charge or wherein there was a discussion in the transcript with reference to the allowance of this charge. The second paragraph of their argument is a one sentence argument that the court erred in failing to give a basic "boiler plate" charge with reference to the preponderance of the evidence. The next argument is that the charge was confusing, contradictory and erroneous with reference to expert testimony as to one particular witness without referring to where her testimony was given in order to examine same. The fourth objection is a one sentence paragraph that the court erred in reading and rereading the same section of law. This instruction was reread at the request of a juror. Lastly, defendants argue that the court erred in permitting parol evidence to vary a written contract contrary to former Code Ann. § 20-704 (Ga. L. 1964, pp. 414, 415) (now OCGA § 13-2-2) contending the contract was clear and unambiguous requiring the court to look to the contract alone to find the intent of the parties. At the most, the argument with reference to the general complaint that the charge of the court was contrary to the law and the facts is indeed brief but entirely unsatisfactory for a consideration of this enumeration of error. See in this connection *Stanfield v. Smith,* 152 Ga. App. 22, 23 (4) (262 SE2d 216); *Brown v. Quarles,* 154 Ga. App. 350, 352 (5) (268 SE2d 403); *Moore v. Carrington,* 155 Ga. App. 12, 13 (3) (270 SE2d 222). The mere restatement of the enumeration of error or restatement of legal contentions does not amount to argument which will supply reasons why the appellate court should subject the contentions to further review. "[T]his is so because except in the most unusual of analytic circumstances a legal contention will not prove itself." *Wilkie v. State,* 153 Ga. App. 609, 610 (1) (266 SE2d 289). However, we have examined the entire charge as a whole and we do not find it subject to the general objection as made. There is no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 4, 1983.

*Murray M. Silver,* for appellants.
*Jerrold W. Hester,* for appellee.