68303, 68501. BATES v. SNELLING et al.; and vice versa.
(323 SE2d 179)

BENHAM, Judge.

Appellant Ronnie Bates was injured when she slipped and fell while descending a ramp in a hallway inside her dentist's office. She filed suit against appellee dentist, George Snelling, and his professional corporation, George Snelling, DMD, P. C., alleging that the ramp was defectively designed. Appellees denied the allegation, conducted discovery, and moved for summary judgment, which was denied. The case was tried before a jury, and the jury returned a verdict for appellees.

Appellant filed this appeal (Case No. 68303), citing three enumerations of error. Appellees moved to dismiss the appeal on the grounds that the trial transcript was filed nine months after the notice of appeal and that appellant had not sought an extension of time. The trial court denied the motion to dismiss and appellees filed an appeal (Case No. 68501). We consolidated these two appeals and affirm the trial court's actions in each.

1. We first address appellees' contention that the trial court erred in refusing to dismiss appellant's appeal, and find no error. The time provided for filing a transcript of evidence and proceedings in an appeal is not jurisdictional. *Green v. Weaver*, 161 Ga. App. 295 (291 SE2d 247) (1982). The failure to timely file the transcript is not a basis for dismissal unless the trial court finds the delay was unreasonable and inexcusable, and the trial court's finding on this issue will be reversed only for abuse of discretion. *Ballenger Corp. v. Dresco &c. Contractors*, 156 Ga. App. 425 (II A) (274 SE2d 786) (1980). Moreover, the policy in this state is that appellate courts should reach the merits of appeals whenever possible. OCGA § 5-6-48 (b); *Corbin v. First Nat. Bank*, 151 Ga. App. 33 (1) (258 SE2d 697) (1979).

After a hearing on the issue, the trial court did not find the delay to be unreasonable and inexcusable, and nothing in the record indicates an abuse of discretion in making that determination. Therefore, we affirm the judgment in Case No. 68501.

2. Appellant Bates' first two enumerations of error relate to the trial court's exclusion of testimony offered by appellant's expert witness, Harry Piehl, on the grounds that it was based on hearsay and not within his field of expertise. The witness was qualified as an expert in the field of civil engineering after testifying that he was a licensed professional engineer and that his experience over the last 50

years had been in building design and construction. Appellant sought to elicit testimony from Mr. Piehl concerning whether appellant, in view of her height and weight, could have traversed the ramp. Appellee objected and the objection was sustained. Appellant made an offer of proof in which the witness concluded that the amount of horizontal force on a woman approximately 5′ 3″ tall, weighing 135 to 140 pounds, standing on an incline of 14 degrees, 22 minutes, is 35.4 pounds. The calculation was based on height and weight information the witness obtained from Nassar's Anthropometric Source Book.

There was no reversible error committed in excluding the witness' testimony. " 'On direct examination, to afford a basis for the assertion of error, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party. [Cits.]' " *Security Life Ins. of Ga. v. Blitch,* 155 Ga. App. 167, 172 (270 SE2d 349) (1980). Appellant has met the first three prerequisites to asserting error, but not the last one. There is nothing in the record to indicate the materiality or positive significance of the fact that the amount of horizontal force was 35.4 pounds. The witness was also outside his field of expertise inasmuch as his background and experience related to building construction and design rather than biomechanics; he is a civil engineer, not a human factors engineer. See *Southern R. Co. v. Cabe,* 109 Ga. App. 432 (6) (136 SE2d 438) (1964). It was within the trial court's discretion to exclude the testimony. Compare *Hogan v. Olivera,* 141 Ga. App. 399 (1c) (233 SE2d 428) (1977).

3. Lastly, appellant argues that the trial court erroneously refused to allow Mr. Piehl to be recalled as a rebuttal witness because the witness violated the rule of sequestration. We disagree.

Mr. Piehl testified and was released from sequestration earlier in the trial; the court noted that after he was released he came back and sat as an observer in the courtroom, and returned to the courtroom several times while testimony was given. Appellant's counsel had also informed Mr. Piehl that appellees' expert witness testified about buildings on which Mr. Piehl had worked and about ramps in those buildings. Appellant made an offer of proof that Mr. Piehl would explain that he did not build some of the ramps described by appellees' witness.

As a general principle, testimony of a witness who has violated the rule of sequestration is admissible. However, the court has a broad discretion in enforcement of the sequestration rule, particularly when the witness is being recalled. See *Stephen W. Brown &c. Assoc. v. Gowers,* 157 Ga. App. 770 (4) (278 SE2d 653) (1981). Once again, the trial court exercised its discretion by refusing to allow the testi-

mony, and we find no error in that ruling.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1984 —
REHEARING DENIED OCTOBER 29, 1984

*Victor C. Hawk,* for appellant.
*Duncan D. Wheale, J. Arthur Davison,* for appellees.