70861, 70888. WILLIAMS BROTHERS CONCRETE, INC.
v. HUDSON et al.; and vice versa.
(334 SE2d 377)

BANKE, Chief Judge.

As Horace Stodghill, an employee of appellant Williams Brothers Concrete, Inc. (Williams), was driving appellant's loaded dump truck on an Atlanta street, he experienced difficulty shifting gears. Stodghill crossed through an intersection, brought the truck to a stop, and, attempting to shift into low gear, erroneously shifted into reverse, with the result that he backed into an automobile being driven by LaDora Hudson, in which Jewell Thompson was riding as a passenger. The two ladies and their spouses joined in bringing this action against Williams and Stodghill to recover damages for personal injuries and loss of consortium resulting from the collision. The parties agreed that Stodghill was operating the truck within the scope of his employment, and he was dismissed as a party defendant. The case proceeded to trial, and the jury awarded damages to Mrs. Hudson in the amount of $17,500, to Mr. Hudson in the amount of $1,750, to Mrs. Thompson in the amount of $8,500, and to Mr. Thompson in the amount of $500. In Case No. 70861, Williams appeals the judgment entered on the verdict in favor of Mr. and Mrs. Hudson. In Case No. 70888, the Hudsons appeal an order of the trial court denying their motion to dismiss Williams' appeal due to a delay in filing the transcript. *Held*:

1. "The failure to timely file a transcript is not a basis for dismissal of the appeal unless the trial court finds that the delay was unreasonable, and that the unreasonable delay was inexcusable. [Cits.] The trial court's decision on this issue will be reversed only for an abuse of discretion. [Cits.]" *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706) (1977). We find no such abuse in the present case. Accordingly, the trial court did not err in denying Hudsons' motion to dismiss Williams' appeal.

2. Williams contends the trial court erred in refusing to charge

the jury on the issue of Stodghill's failure to maintain "immediate control" of the truck. It has not been suggested how this charge might have benefited Williams, and we hold that it was properly refused in any event. The sole authority cited by the appellant as support for the requested charge is *Garmon v. Cassell*, 78 Ga. App. 730 (2) (52 SE2d 631) (1949), wherein this court approved such a charge on the basis of former Code Ann. § 68-304 (Ga. L. 1921, p. 256). That code section was repealed by Ga. L. 1953, Nov. Sess., pp. 556, 621. Furthermore, its provisions pertained to the standard of care owed by the operator of a motor vehicle to pedestrians and horses. Accordingly, this enumeration of error is without merit.

3. Appellant contends that the trial court erred in refusing to charge the jury on the issue of comparative negligence. Although the evidence is not clear with respect to the distance between the two vehicles at the time the truck began to travel in reverse, it is undisputed that Hudson's vehicle had been traveling some distance behind the truck and had come to a complete stop before the collision occurred. Stodghill admitted that after he mistakenly shifted into reverse he traveled five to ten feet before braking and that he did not see any vehicle behind him prior to the collision. He nevertheless maintained that "she was too close to me." Under the circumstances, there is no basis whatever for an inference that Mrs. Hudson was guilty of any negligence which could be considered a contributing cause of the collision. It follows that the trial court did not err in refusing to charge the jury on the issue of comparative negligence. Accord *David v. Pachuilo*, 169 Ga. App. 677 (2) (314 SE2d 692) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Williston C. White, Keith E. Fryer*, for appellant.
*Louis K. Polonsky*, for appellees.