A02A0890, A02A1438. BALL v. FULTON-DEKALB HOSPITAL AUTHORITY et al. (two cases).
(576 SE2d 1)

MIKELL, Judge.

Thomas Ball filed a discrimination action against the Fulton-DeKalb Hospital Authority ("FDHA"), pursuant to the Americans with Disabilities Act. A Fulton County jury awarded Ball $17,200

---

and court costs. FDHA filed a motion for judgment notwithstanding the verdict, which the trial court granted on February 7, 2001.

Ball filed two appeals. In the first, Case No. A02A0890, he appealed the trial court's order granting FDHA's motion for j.n.o.v.; and in the second, Case No. A02A1438, he appealed the trial court's dismissal of his first appeal for failure to file timely the trial transcript. For reasons discussed below, we affirm the dismissal of his appeal, rendering it unnecessary for us to address the merits of the order granting FDHA a j.n.o.v.

1. "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." *Dept. of Human Resources v. Pattilo*, 196 Ga. App. 778, 779 (397 SE2d 47) (1990), citing *Johnson v. Clements*, 135 Ga. App. 495 (218 SE2d 109) (1975). The party responsible for filing the transcript shall cause it to be filed within 30 days after filing the notice of appeal unless the time is extended. OCGA § 5-6-42. "[A] delay in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citation omitted.) *Brandenburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 44 (6) (555 SE2d 508) (2001).

The record shows that Ball's first notice of appeal, filed on March 6, 2001, failed to indicate whether the trial transcript or record should be transmitted. There is no evidence that Ball moved to extend the time within which to file the transcript. Ball amended the notice of appeal on November 2, 2001, listing the portions of the record which were to be included on appeal. FDHA filed a motion to dismiss Ball's appeal on December 11, 2001. After a hearing on December 21, 2001, the trial court orally granted the motion.

At the hearing, the court reporter, Geraldine Glover, testified that she was first asked in August 2001 to transcribe the testimony of two witnesses. Glover did as she was asked and received payment for those portions of the transcript in August. In November, Glover received another phone call from Ball's counsel, requesting that she transcribe three other portions of the record. On December 17, she informed Ball's counsel that these sections were ready and told him that he owed her $59.25 for those portions of the transcript. As of the date of the hearing, the transcript had not been picked up from Glover. In its order dismissing Ball's appeal, the trial court found that "the transcript was not filed timely and that the request for an extension of time was not filed timely. Ball has presented no evidence of any reason justifying a delay of more than eight months for filing the transcript."

"OCGA § 5-6-48 (c) sets forth three criteria for dismissal of the appeal [by the trial court] for failure to timely file a transcript: (1) unreasonable delay, which was (2) inexcusable and (3) caused by such party." (Citation and punctuation omitted.) *Pattilo*, 196 Ga. App. at 779. We will not disturb the trial court's finding that Ball's eight-month delay in filing the transcript was unreasonable, inexcusable, and Ball's fault. See *Mawhorter v. Mawhorter*, 161 Ga. App. 293, 294 (1) (291 SE2d 722) (1982) (trial court did not abuse its discretion when it dismissed an appeal because of a three-month delay in filing the transcript); *McIntyre v. Gulf Oil Corp.*, 151 Ga. App. 855, 856 (261 SE2d 766) (1979) (six-week delay in filing the transcript caused by the appellant's failure to pay for same was unreasonable and inexcusable). Accordingly, we affirm the trial court's dismissal of Ball's appeal.

2. As stated earlier, Case No. A02A0890 appeals the trial court's grant of the j.n.o.v. In light of our decision in Division 1 affirming the dismissal of Ball's appeal, the issue raised in Case No. A02A0890, whether the order granting FDHA's motion for j.n.o.v. was erroneous, is moot.

*Judgment affirmed as to Case No. A02A1438. Appeal dismissed as moot as to Case No. A02A0890. Johnson, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 18, 2002 —
RECONSIDERATION DENIED DECEMBER 17, 2002 

·*Jacqueline K. Taylor*, for appellant.
*Arrington & Hollowell, Randy C. Gepp, Mary J. Huber*, for appellees.