A05A0612. DYE et al. v. U. S. BANK NATIONAL ASSOCIATION.
(616 SE2d 476)

MILLER, Judge.

Appearing pro se, Steven L. Dye and Keith Muma appeal from the trial court's order dismissing their appeal on the ground that they failed to complete the record. We find no error and affirm.

This case arose out of a dispute over a bond of over $2.4 million obtained from the Gainesville Redevelopment Authority by Dye and Muma for the purpose of establishing a personal care facility. After U. S. Bank National Association, the trustee for the bondholders, gave notice that it was foreclosing on the property, Dye and Muma

sought a temporary restraining order to stay the foreclosure proceedings, but the trial court denied their motions. On July 1, 2003, the property was allegedly sold to a holding company formed by U. S. Bank, and Dye and Muma allegedly re-entered the property two weeks later. The holding company filed suit on July 16, seeking injunctive relief and damages, and the trial court granted an interlocutory injunction barring Dye and Muma from the property. Shortly thereafter, counsel for Dye and Muma withdrew from the case. After a hearing at which the two cases were consolidated, the trial court denied Dye and Muma's motion to set aside the foreclosure; granted U. S. Bank's motions for summary judgment; directed entry of final judgment under OCGA § 9-11-54 (b); and issued a permanent injunction against Dye and Muma.

On March 24, 2004, Dye and Muma filed their first Notice of Appeal, asking that no part of the record be omitted, including the transcript of the February 11 hearing. Dye and Muma had requested a court reporter during that hearing, and the trial court ordered the parties to split the cost. Dye and Muma received and paid a bill from the court reporter with itemizations including "preparation of record" and "filing and transmission of transcript." The court reporter testified, however, that neither Dye nor Muma had contacted him to order a copy of or make any other arrangements concerning the February 11 transcript. As a result, the clerk of the trial court did not receive a transcript of that hearing in time for transmittal to this Court. U. S. Bank brought a motion to dismiss the appeal on the ground that Dye and Muma had failed to complete the record. The trial court granted the motion to dismiss, and Dye and Muma now appeal.

A party taking an appeal bears the burden of both paying for a transcript and ensuring that it is filed with the clerk of the trial court within 30 days. See *Atlanta Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 536 (562 SE2d 818) (2002); OCGA §§ 5-6-41; 5-6-42 (setting out procedures and 30-day limit for preparation and filing of transcript). The party seeking dismissal for failure to file a transcript must show that the delay was unreasonable, inexcusable, and caused by the appellants themselves. OCGA § 5-6-48 (c); *Ball v. Fulton-DeKalb Hosp. Auth.*, 258 Ga. App. 899, 901 (1) (576 SE2d 1) (2002). We will not reverse a trial court's decision to dismiss an appeal as a result of a failure to timely file a transcript in the absence of an abuse of discretion. *Ball*, supra, 258 Ga. App. at 900 (1).

Here, Dye and Muma had 30 days from the filing of their notice of appeal either to deliver all transcripts in the case, including that of the February 11 hearing, to the clerk of the trial court for transmittal to this Court, or to ask the trial court for an extension of time to do so. See OCGA § 5-6-39 (a) (trial court has power to grant extensions). They did not ask the court reporter to prepare the transcript of the

February 11 hearing until June 3, however, and the transcript was not filed until July 1, over two months after the statutory due date.

Dye and Muma argue that they were not aware of the distinction between a request made during a hearing that it be transcribed and a later request to the court reporter to prepare the transcript for inclusion in the record until they received U. S. Bank's motion to dismiss. Trial courts would indeed be well-advised to remind pro se litigants of this distinction. Georgia law is clear, however, that any delay in completing the record past the 30 days granted by statute is presumptively unreasonable and inexcusable. See *Brandenburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 44 (6) (555 SE2d 508) (2001). Since Dye and Muma produced no evidence beyond their own ignorance to rebut this presumption, we cannot say that the trial court abused its discretion when it found that the delay was indeed unreasonable and inexcusable and granted U. S. Bank's motion to dismiss on that basis. See *Mawhorter v. Mawhorter*, 161 Ga. App. 293, 294-295 (291 SE2d 722) (1982) (dismissal after three-month delay is not abuse of discretion).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 1, 2005 —
RECONSIDERATION DENIED JUNE 15, 2005 — ▮

Steven L. Dye, *pro se.*
W. Keith Muma, *pro se.*
*Holland & Knight, James H. Rollins, Dax E. Lopez,* for appellee.