**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**March 29, 2013**

# In the Court of Appeals of Georgia

A12A2393. LAROSE v. BANK OF AMERICA, NA et al.

McMILLIAN, Judge.

Carlo Larose filed a complaint for wrongful attempted foreclosure and related claims against Bank of America, NA and others. The defendants moved to dismiss the complaint for failure to state a claim. The trial court granted the motions to dismiss, and Larose appeals pro se. We affirm for the reasons set forth below.

Under OCGA § 9–11–12 (b) (6), a motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Anderson v. Daniel*, 314 Ga. App. 394, 395 (724 SE2d 401) (2012).

So construed, the pleadings show that on October 14, 2005, Larose obtained a mortgage loan from America's Wholesale Lenders, executing a promissory note in the principal amount of $120,000 and a deed securing the debt. The security deed provided that Mortgage Electronic Registration Systems, Inc. ("MERS") was authorized to act as "nominee" on behalf of America's Wholesale Lenders and had "the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to releasing and cancelling this Security Instrument." The note provided that it was transferable by the lender, America's Wholesale, but made no mention of MERS. In 2011, MERS purportedly transferred and assigned both the security deed and the note to Bank of New York Mellon. After Larose allegedly defaulted on the loan and a non-judicial foreclosure sale was initiated, but prior to actual foreclosure, Larose filed the instant action.

As the trial court noted in its order, Larose "contends that the Assignment was invalid because MERS was never the owner and holder of the Note. Therefore, according to [Larose], MERS was without authority to execute an assignment to [Bank of New York Mellon] and, following this logic, [the bank] was without

2

authority to foreclose." In dismissing the complaint, the trial court went on to hold that it was not persuaded by Larose's "insistence that the foreclosing entity must be a holder in due course and produce the Note before it can carry out the foreclosure." The trial court further found that Larose had not cited "any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note." On appeal, Larose asserts that the trial court erred (1) in dismissing his complaint for wrongful disclosure based upon a finding that an assignment of the note, along with the security deed, was unnecessary for foreclosure; and (2) in ruling as a matter of law that MERS' assignment of the security deed was valid.

With regard to Larose's first enumeration, we are bound by the reasoning in this Court's case of *Montgomery v. Bank of America*, __ Ga. App. __ (2) (Case No. A12A0514, decided March 29, 2013), issued today on this very issue. *Montgomery* holds that nothing in Georgia law requires that an assignee of a security deed granting the right to foreclose must also hold the note before initiating foreclosure proceedings. See e. g., OCGA § 44-14-64 (b) ("Transfers of deeds to secure debt . . . shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other

instrument"); *LaCosta v. McCalla Raymer, LLC*, 2011 WL 166902, at *5 (N.D. Ga. Civil Action No. 1:10-CV-1171-RWS, decided January 18, 2011) (finding no Georgia statute or decision interpreting Georgia law that precludes the holder of security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note). See also *Menyah v. BAC Home Loans Servicing, L. P.*, 2013 WL 1189498 (N. D. Ga. Civil Action No. 1:12-CV-0228-RWS, decided March 21, 2013) (where, as here, security deed explicitly grants MERS and its successors and assigns the power of sale , successor by merger has the authority to conduct the foreclosure sale). Accordingly, the trial court properly dismissed Larose's wrongful foreclosure claim on this ground.[1]

We also find no merit to Larose's argument that the assignment by MERS to the Bank of New York Mellon was invalid. The security deed signed by Larose granted and conveyed Larose's property to MERS, its successors and assigns, along with the power of sale, stating that "if necessary to comply with law or custom, MERS . . . has the right to exercise: any or all of [the interests granted to MERS by

---

[1] This Court, however, is not required to consider Larose's claim that the foreclosure notice was insufficient as that claim was neither raised nor ruled upon below. See *Designs Unlimited, Inc. v. Rodriguez*, 267 Ga. App. 847 (601 SE2d 381) (2004).

Larose], including but not limited to, the right to foreclose and sell the Property . . . ." Thus, we find persuasive the cases from the Northern District of Georgia holding that such language grants MERS the power of assignment:

> [Larose] unequivocally authorized MERS's involvement in the transaction by executing a security deed in its favor. Additionally, the Deed recognizes MERS's right of assignment by granting power of sale "to the successors and assigns of MERS." This right of assignment is in accord with Georgia law. *See* OCGA § 44–14–64 (authorizing transfer of security deeds by way of assignment).

*Alexis v. Mortgage Electronic Registration Systems, Inc.,* 2012 WL 716161, at *3 (1) (N. D. Ga., Civil Action No. 1:11-CV-01967-RWS, decided March 5, 2012). See also *Menyah*, 2013 WL 1189498 (because the borrower was not a party to the assignment, he has no standing to contest its validity); *Adams v. Mortg. Elec. Registration Systems, Inc.*, 2012 U. S. Dist. LEXIS 54000 (N. D. Ga. Case No. 1:11-CV-04263-RWS). Accordingly, Larose granted MERS the full power to assign the property to a third party such as the Bank of New York Mellon, and his argument that the assignment was invalid is without merit.

The dissent would remand this case because this Court previously declined to decide the issue raised in Larose's first enumeration of error in *U. S. Bank, N. A. v.*

5

*Phillips*, 318 Ga. App. 819 (734 SE2d 799) (2012). In *Phillips*, this Court remanded the issue to the trial court pending a decision by our Supreme Court on the certified question of "whether a [security] deed holder who does not also hold the note, or have an interest in the underlying debt obligation, can validly institute foreclosure proceedings." (Citation and punctuation omitted.) Id. at 826 (4). But *Phillips* is not binding on this issue, as it reflects only a remand to await a decision from the Supreme Court, not a legal holding. *Montgomery*, however, is binding precedent. Additionally, the *Phillips* decision addressed the other enumerations of error raised by the appellant, but the dissent, without justification, chooses not address Larose's second enumeration of error regarding the validity of MERS' assignment of the security deed, an issue that does not turn on any question certified to the Supreme Court. *Chae Yi You v. JPMorgan Chase Bank, N.A.*, 2012 WL 3904363, at \*6, \*9 (N. D. Ga., Civil Action No. 1:12–CV–202–JEC–AJB, decided September 7, 2012).

Moreover, we are obligated by statute to decide the case under the current law even though the Supreme Court of Georgia may at some point address the issue raised in Larose's first enumeration of error. As noted by our Supreme Court, "[t]he General Assembly has made it clear that all points raised in an appeal are to be considered by the appellate court." *Felix v. State,* 271 Ga. 534, 538 (523 SE2d 1) (1999). This

6

Court, therefore, is bound by the statutory mandate that the Appellate Practice Act is to be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case *or refusal to consider any points* raised therein." (Emphasis supplied.) OCGA § 5–6–30. See also OCGA § 5-6-48 (b) (appellate courts may not refuse to consider any enumeration of error, except under three exceptions not applicable here: where the appellant failed to file a timely notice of appeal; where the decision or judgment is not then appealable; or where the questions presented have become moot); *Bates v. Snelling*, 172 Ga. App. 448 (1) (323 SE2d 179) (1984) ("the policy in this state is that appellate courts should reach the merits of appeals whenever possible" [Cits.]).

Therefore, we see no compelling reason, and the dissent offers none, why we should ignore the legislature's mandate to decide every case on the merits. Instead, we must reach the merits of Larose's appeal, and finding no error by the trial court, we affirm the order dismissing Larose's complaint for failure to state a claim.

*Judgment affirmed with direction. Barnes, P. J., Ray and Branch, JJ., concur. Doyle, P. J., concurs fully and specially. Miller, P. J., and McFadden, J., dissent.*

7

A12A2393. LAROSE v. BANK OF AMERICA, NA et al.

Doyle, Presiding Judge, concurring fully and specially.

I concur fully with the majority. I write separately only to note that while I concurred in the opinion in *U. S. Bank, N.A. v. Phillips*,[1] in which we vacated the trial court's order regarding the appellee's wrongful foreclosure claim and remanded the case with instruction that the case be stayed pending the decision of the Supreme Court of Georgia in *You v. JPMorgan Chase Bank, N.A.*, No. 1:12–cv–202–JEC–AJB, 2012 U.S. Dist. LEXIS 127461, at ___ (III) (C) (N.D. Ga. Sept. 7, 2012),[2] for the reasons set forth in the majority opinion and in the interest of judicial economy, I agree that this case should be affirmed.

---

[1] 318 Ga. App. 819 (734 SE2d 799) (2012).

[2] *You* was docketed in the Supreme Court of Georgia on Sept. 13, 2012.

A12A2393. LAROSE v. BANK OF AMERICA, NA et al.

MCFADDEN, Judge, dissenting.

I respectfully dissent. The central issue presented by this case is whether a security deed holder who does not also hold the promissory note can validly institute foreclosure proceedings. This very issue is pending before the Georgia Supreme Court on a certified question from a federal district court because there is no clear Georgia precedent on this matter. Accordingly, rather than rendering an opinion that may ultimately be inconsistent with our Supreme Court's decision and for purposes of judicial economy, we should vacate the trial court's order of dismissal, remand the case to the trial court, and direct the trial court to stay further proceedings until the Supreme Court's decision on this dispositive issue. We recently did exactly that in another case presenting this same issue: *U. S. Bank, NA v. Phillips*, 318 Ga. App. 819, 826 (4) (734 SE2d 799) (2012). I recognize that, in another case decided today, we follow the approach advocated by the majority. *Montgomery v. Bank of America*, ___

Ga. App. ___ (2) (Case No. A12A0514, decided March 29, 2013). But I think the approach followed in *U. S. Bank, NA v. Phillips* is the better approach.

On appeal, Larose contends that the trial court erred in dismissing the wrongful attempted foreclosure claim and based on that error it also improperly dismissed the other related claims. Larose argues that Georgia law mandates that a bank hold both the security deed and the note in order to initiate foreclosure proceedings. Thus, it is apparent that the instant case raises the very question that is presently before our Supreme Court and that led this court to vacate, remand, and stay in *U. S. Bank, NA*.

> [I]n *You v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-202-JEC-AJB, 2012 U. S. Dist. LEXIS 127461, at *17 (III) (C) (N.D. Ga. Sept. 7, 2012), inquiring "whether a security deed holder who does not also hold the note, or have an interest in the underlying debt obligation, can validly institute foreclosure proceedings." Recognizing that there are no clear controlling precedents deciding this issue, the federal court certified the question to the Supreme Court of Georgia. Id. The Supreme Court of Georgia's decision in *You v. JP Morgan Chase Bank, N.A.*, Case No. S13Q0040 (docketed Sept. 13, 2012) will be dispositive of the question of whether [the] complaint asserts a viable claim for relief against [the defendants]. Accordingly, the trial court's order as to the wrongful attempted foreclosure claim [and related claims] is vacated and this case is remanded. Any further proceedings in this matter should be stayed until the Supreme Court of Georgia has rendered its decision in *You*, supra.

2

(Punctuation omitted.) *U. S. Bank, NA*, supra. It is true that Larose enumerates a second error regarding the validity of MER's assignment of the security deed, but that issue is intertwined with the question pending before our Supreme Court.

Notwithstanding that pending certified question, the majority resolves this case on the merits. Its resolution may well match the decision eventually reached by our Supreme Court. But it may not. That court's analysis may diverge from ours – perhaps substantially, perhaps just enough to confound the parties and the trial court.

There is a split of authority in the Northern District of Georgia on this issue – which is why that court certified the question. See *You v. JPMorgan Chase Bank, N.A.*, No. 1:12–cv–202–JEC–AJB, 2012 WL 3904363, at *5 (III) (C), 2012 U.S. Dist. LEXIS 127461, at *16 (III) (C) (N.D. Ga. Sept. 7, 2012). In her Order and Opinion certifying the question, Chief Judge Carnes acknowledged that the reasoning which the majority has adopt has been adopted by "most judges" in the Northern District of Georgia and "is grounded in well-established principles of contract law." Id. at *4. That reasoning

> has not been universally followed in this district, however, and a split of authority has developed as to whether a deed holder who does not also possess the note can validly institute foreclosure proceedings under Georgia law. Denying a motion to dismiss on facts similar to those

3

presented here, a colleague has held that "separation of the note and the security deed ... create[s] a substantial question of what entity has the right to foreclose when the borrower defaults on the loan." Morgan v. Ocwen Loan Serv., LLC, 795 F.Supp.2d 1370, 1375 (N.D.Ga.2011) (Totenberg, J.). Addressing the issue more directly in a later case, the Morgan court concluded that "Georgia statutes and case law require the holder of the loan to carry out the foreclosure and to identify itself as the secured creditor of public record prior to the foreclosure sale." Stubbs v. Bank of Am., 844 F.Supp.2d 1267, 1273 n. 3 (N.D.Ga.2012) (Totenberg, J.).

Id. at *5.

There is no merit to the majority's suggestion that we are compelled to disregard that split of authority and the pending certified question by OCGA § 5-6-30, OCGA § 5-6-48 (b), or by our Supreme Court's decision in *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999). Section 5-6-30 provides that the Appellate Practice Act is to be liberally construed. Section 5-6-48 (b) pertains to dismissals of appeals. *Felix* disapproved this court's former practice of frequently refusing to address issues based on perceived deficiencies in enumerations of error. So the application of those authorities to the procedural dilemma before us is attenuated at best. The majority's argument that a remand is contrary to our statutory obligations ignores *U. S. Bank,*

4

*NA*, supra, which is directly on point and in which this court took the very action being taken in this case.

As in *U. S Bank, NA*, the circumstances here are analogous to those in which a trial court's summary judgment ruling relied on an erroneous legal theory. "In such cases we have discretion either to [reach the merits] or to return the case to the trial court for further proceedings." *McRae v. Hogan*, 317 Ga. App. 813, 818 (4) (732 SE2d 853) (2012). "[J]udicial economy may be maximized by returning the case to the trial court upon the appellate court's discovery that the trial court relied on an erroneous legal theory or reasoning. ... *Which course to pursue must be left to the appellate court's discretion.*" (Emphasis supplied.) Id., quoting *City of Gainesville v. Dodd*, 275 Ga. 834, 838–839 (573 SE2d 369) (2002).

In this case, as the issue is pending before our Supreme Court, we cannot authoritatively determine whether or not the trial court relied on an erroneous legal theory in dismissing the complaint. But that matter is pending before and will be resolved by the Supreme Court in *You*. Thus, the appropriate course in this case is for this court to exercise its discretion and promote judicial economy by simply returning the case to the trial court so that it can have the benefit an authoritative decision from our Supreme Court's – rather than a decision from this court which may match our

5

Supreme Court's decision, may be contrary to that decision, or may differ from that decision just enough to confound the parties and the trial court.

Accordingly, as we did in *U. S. Bank, NA*, we should remand this case to the trial court and direct that further proceedings should be stayed pending the Supreme Court's decision in *You*. The trial court should be directed, upon decision by our Supreme Court, to reconsider the motion to dismiss and enter an order consistent with that opinion. The parties would, of course, be entitled to pursue appropriate appellate rights from that trial court order.

I am authorized to state that Presiding Judge Miller joins in this dissent.