## 56230. STROTHER et al. v. C. & S. NATIONAL BANK.

BANKE, Judge.

This is an appeal by the defendants from an order of the trial court dismissing the main appeal on motion of the plaintiff. The court had granted judgment to the plaintiff in two confirmation cases. The defendants filed a timely notice of appeal in each of these cases on December 1, 1977. The defendants ordered a transcript of the hearings in the middle of December and received a copy January 30, 1978. However, no transcript was filed in the superior court, and no request for an extension of time in which to file the transcript was sought by the defendants. On February 10, 1978, 71 days from the filing of the original notice of appeal, the plaintiff moved to dismiss the appeals.

A hearing on the motion was held March 10, 1978. At the hearing, the court questioned defense counsel as to why he had never requested an order for an extension of time. The attorney responded that his understanding of the law was that extensions of time were no longer necessary as long as the party prosecuting the appeal was not intentionally causing delay. Defendants' counsel

further testified that after requesting and receiving a copy of the transcript, he assumed that the court reporter would also file one with the court, as had been his experience in other courts. The trial judge stated at the hearing, "I'm going to grant the motions to dismiss the appeal. I think you ought to have gotten an order for the extension of time. That's what the statute says, and the statute wasn't complied with, so I'll grant your motion." The court stated in its order that the defendants' appeal was dismissed in accordance with Code Ann. § 6-809. *Held:*

Code Ann. § 6-809 (b) provides in part that ". . . the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party. . ." In this case, the order is silent as to the reasons for dismissal. The statements of the trial judge at the hearing indicate that he believed the defendants' failure either to file the transcript or obtain an extension of time within 30 days required dismissal as a matter of law. See Code Ann. §§ 6-804, 6-806. However, Code Ann. § 6-809 (b), which empowers trial courts to dismiss appeals for a delay in filing the transcript or transmitting the record, requires an exercise of discretion by the judge. See *Young v. Climatrol Southeast Distributing Corp.,* 237 Ga. 53 (226 SE2d 737) (1976). Where the trial judge has a legal discretion to exercise yet fails to exercise that discretion, resting his decision instead solely upon a point of law, a reversal will result. See *Childs v. Catlin,* 134 Ga. App. 778 (216 SE2d 360) (1975). Therefore, we remand this case to the trial judge for an express determination of whether the delay in filing the transcript was both unreasonable and inexcusable.

*Judgment reversed and remanded. Deen, P. J., and Smith, J., concur.*

Submitted June 29, 1978 — Decided September 7, 1978.

*Scheer & Elsner, William A. Gray, Robert A. Elsner,* for appellants.

*McClain, Mellen, Bowling & Hickman, James W. Culbreath, A. O. Bracey, III,* for appellee.