## 61962. PALMER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of armed robbery. He was sentenced to serve a term of 15 years and appeals. *Held:*

1. On arraignment it was agreed that the trial court would be given an opportunity to rule on the identification testimony prior to introduction before the jury. Outside the presence of the jury during examination of the state's witness, who was robbed while employed at the convenience store, this witness was examined as to the identification of the defendant. This witness had been presented certain photographs for identification purposes after the robbery. On introduction of the photographs counsel for the defendant moved that the photographic lineup and the testimony relating thereto be suppressed, but no objection was made to the introduction and admission into evidence of the photographs. However, later during the hearing counsel for the defendant moved that state's exhibit number 1 (photograph of the defendant) "be excluded from the evidence at this time."

Defendant's first enumeration of error is that the trial court erred in admitting the photographic lineup. During the pre-trial photographic display we do not find same to be impermissibly suggestive in any manner, and the trial court properly permitted the victim to make an in-court identification of the defendant thereafter. At that particular point in time and after a thorough and sifting cross examination we find no further objection to the testimony of the victim with reference to the in-court identification made. There is no merit in this complaint.

2. Defense counsel called as a defense witness the Walker County Sheriff's Department investigator for examination with reference to his interview with the store employee immediately after the robbery. Defendant has enumerated as error the refusal of the trial court to allow the transcript of the taped interview to be allowed in evidence. In short, the purpose of same was to attack the credibility of the store employee who had identified the defendant as the perpetrator of the crime. The trial court correctly and properly refused to permit this transcript in evidence ostensibly prepared by the defense. If there were any discrepancies between the store employee's statement to the police officers and her testimony, the proper method would have been for defense counsel *to ask her whether she made the alleged statement,* that is, giving its substance, naming the time, place and person to whom made, and if the witness denies making the statement or fails to admit it, then the

requirement of laying a foundation would be satisfied and the defense counsel in his next stage of giving evidence may prove the making of the alleged statement. See Code § 38-1803; *Carter v. State,* 244 Ga. 803, 806 (262 SE2d 109). Nor was the proper foundation laid for the introduction of the transcript of the taped recording as a business record established as required by *Steve M. Solomon, Inc. v. Edgar,* 92 Ga. App. 207, 211-212 (88 SE2d 167); *Estes v. State,* 232 Ga. 703, 709-710 (208 SE2d 806). Any vagueness and ambiguity of the state's witness (store employee) could have been attacked on cross examination by cross examining her with reference to her answers allegedly made on the transcript; nevertheless, this was not done. Nor was the admission of such transcript into evidence mandated by the best evidence rule since the transcript was never identified as being taken from any taped statement she had made to the police, and we find no reversible error here.

3. On rebuttal, in examining a state's witness, the state referred to a certain folding knife taken from the defendant at the time of his arrest by the Chattanooga city police. The knife was not identified as being relevant and material to the crime with which defendant was charged. Defense counsel objected to the examination with reference to the knife, and contended it put defendant's character in evidence and moved for a mistrial. Whereupon the trial court instructed the jury to absolutely and completely disregard the question of counsel for the state and the answer relative thereto; for the jury not to pay any attention to same, disregard same and "take it out of your mind completely, and I reprimand . . . counsel for the State," and when counsel for the state said he understood and that it was unintentional the trial court stated, "You had better understand." While we do not find a ruling by the court that he had denied the motion for mistrial, nevertheless the substance of same was a denial, that is, the taking of corrective action and the reprimanding of counsel for the state. The instructions by the court to the jury to disregard the incident were full and complete. We find no abuse of discretion in the handling of this matter. See *Moses v. State,* 245 Ga. 180, 185-186 (4) (263 SE2d 916).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 4, 1981.

*Joseph E. Willard, Jr.,* for appellant.

*D. L. Lomenick, Jr., District Attorney, James A. Meaney III, Assistant District Attorney,* for appellee.