### 39939. PADGETT v. THE STATE.

GREGORY, Justice.

Roy C. Padgett was convicted of the murder of Bobby Herrington, Jr., the common-law husband of Padgett's sister, and sentenced to life imprisonment. At trial the defendant admitted shooting Herrington, but testified that he did so because the victim had provoked another man into shooting the defendant at an undisclosed time and had "interfered" with the defendant's job. The defendant also testified that Herrington had discovered the defendant's "secret hiding place where he talked to the Lord, and [Herrington] was jealous of it." Other evidence indicated the defendant suspected Herrington of making homosexual advances toward the defendant's nephew and of causing the drowning death of another nephew "by his stupidness."

(1) Defendant first argues that the trial court erred in refusing to allow him during voir dire to ask five questions relating to the prospective jurors' attitudes toward the defense of insanity. Upon objection by the State the trial court ruled that defendant's questions

were "technical, legal questions" calling for the prospective jurors to prejudge the evidence in the case. However, the trial court then asked the jurors whether they were "willing to follow the instructions of the court, even if [they] did not personally agree with the law as given to you by the court." No juror responded that he could not comply with the trial court's instructions. At the close of all the evidence the trial court instructed the jury that the defendant had raised the issue of insanity and that if they determined the defendant was insane at the time of the commission of the crime, "the law of this State declares that [the defendant] shall not be convicted of any crime."

In *Waters v. State,* 248 Ga. 355, 363 (283 SE2d 238) (1981), this court noted that "[v]oir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. [Cit.] However, no question should require a response from a juror which might amount to a prejudgment of the case. [Cit.] Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' *Lamb v. State,* 241 Ga. 10, 12 (243 SE2d 59) (1978)." See also, *Godfrey v. State,* 248 Ga. 616, 621 (284 SE2d 422) (1981).

Under the circumstances of this case we cannot say the trial court abused its discretion.

(2) Defendant maintains the trial court erred in allowing a witness to testify to the victim's last words. This witness testified that, after being shot, the victim stumbled into her house and asked that the witness "tell Elaine [I] love her and to take care of the baby."[1] The victim then mumbled "little Bobby"[2] and died.

We point out that the only objection made by the defendant to this testimony was that it was hearsay. The relevancy of the witness' statements was not objected to. The testimony regarding the victim's final statement was not offered to "show the truth of matters asserted therein, . . . thus resting for its value upon the credibility of the out-of-court asserter." McCormick, Evidence (2d Ed.), § 246, p. 584;

---

[1] Elaine Herrington was the victim's common-law wife. She was two months pregnant at the time of the victim's death.

[2] This reference was, apparently, to the victim's son who had drowned the previous year.

OCGA § 24-3-1 (Code Ann. § 38-301). The complained-of testimony is, therefore, not hearsay, and the trial court did not err in admitting it over defendant's objection on the ground of hearsay.

(3) Defendant's remaining enumeration of error is abandoned as it is not supported by argument or citation of authority. Rule 45 (Code Ann. § 24-3645).

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED SEPTEMBER 27, 1983.

*John E. Pirkle,* for appellant.
*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.

