## 67910. SMITH v. THE STATE.

McMURRAY, Chief Judge.

Defendant was convicted of three counts of violation of the Georgia Controlled Substances Act (unlawful distribution of more than one ounce of marijuana; unlawful distribution of methaqualone; and, unlawful possession with intent to distribute methaqualone). Following the denial of his motion for new trial, defendant appeals. *Held*:

At the time defendant was indicted he was a high ranking officer in the sheriff's office of Fulton County, Georgia. His defense here is based upon a theory to the effect that at the time of his arrest he was engaged in an investigation to determine whether certain other depu-

ties in the department were stealing evidence from an evidence room. The State's theory, however, was that defendant was the moving party in a scheme to steal drugs from law enforcement evidence lockers and then distribute them illegally for the ultimate purpose of making substantial amounts of money for his own profit.

1. Defendant's first enumeration of error is that the trial court erred in denying his motion to test and inspect certain physical evidence such as tapes and recorders entered into evidence at the trial. Defendant had filed numerous pretrial motions for discovery (e.g., motion for discovery and disclosure of exculpatory and mitigating evidence, and motion to inspect, examine and test the physical evidence). At a hearing on the motion to inspect, examine and test the physical evidence, defendant contended that the tape recordings made of conversations were expected to be exculpatory and requested that the State produce same. The assistant district attorney in his "place" stated, however, that he had reviewed same and that there was "nothing exculpatory contained therein and should it become apparent [the State would], certainly provide it immediately." Defense counsel then requested that the court make an in camera inspection of the State's entire file. The court denied the motions, "as to the production of the tapes and the in camera inspection" but granted the motion to divulge exculpatory material insofar as such information had been requested under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). Defendant contends that the trial court should have allowed examination of the evidence by imposing appropriate safeguards to insure preservation. To this end, defendant argues that the requested examination was crucial to his case and that its denial deprived him of the means necessary to conduct his defense. The State, however, contends that under *Green v. State*, 250 Ga. 610, 611 (299 SE2d 544), the motion was simply one general in nature and failed to identify any particular critical physical evidence for examination. We agree with the State. There was no showing here that the tapes were in any wise inadmissible on the grounds of lack of authenticity, correctness, improper foundation, inaudibility and irrelevancy. Thus, the trial court did not err in refusing to allow defendant to inspect and examine the tapes and recorders. See *Green v. State*, 250 Ga. 610, 611, supra; *Duckworth v. State*, 246 Ga. 631, 636 (8) (272 SE2d 332); *Sabel v. State*, 248 Ga. 10, 17-18 (6) (282 SE2d 61); *Tucker v. State*, 249 Ga. 323, 326 (3) (290 SE2d 97); *Ellis v. State*, 164 Ga. App. 366, 372-373 (14) (296 SE2d 726).

2. Likewise, we find no error in the trial court's refusal to conduct an in camera inspection of the sound recordings, as well as the remainder of the alleged exculpatory materials in the possession of the State. The requested in camera inspection failed to point out any particular exculpatory, impeaching or otherwise favorable evidence with

reference to the tape recordings and same were all produced and played at trial. A reversal of a conviction is not required solely because of the trial court's failure to conduct an in camera inspection. See *Tribble v. State*, 248 Ga. 274, 276 (3) (280 SE2d 352); *Dickey v. State*, 240 Ga. 634, 636 (1) (242 SE2d 55); *Coachman v. State*, 236 Ga. 473, 475 (3) (224 SE2d 36); *Ledesma v. State*, 251 Ga. 487, 490 (10) (306 SE2d 629). Compare *Rini v. State*, 235 Ga. 60, 65 (218 SE2d 811). The defendant having failed to show any prejudice by reason of the failure of the court to make the in camera inspection, we find no error. See *Reed v. State*, 249 Ga. 52, 55-56 (287 SE2d 205); *Hill v. State*, 248 Ga. 304, 305 (2) (283 SE2d 252); *Cooper v. State*, 163 Ga. App. 482, 484 (3) (295 SE2d 161); *Duncan v. State*, 163 Ga. App. 148, 150 (3) (294 SE2d 365).

3. The defendant next contends that the trial court erred in sustaining the State's objection to defense counsel's specific questions on voir dire and in not allowing the jurors to be personally identified before striking and selecting the jury. As such, defendant argues that he was denied the right to an impartial jury. This contention is without merit. The court refused to allow interrogation of the jurors as to whether they would promise not to hold the use of vulgar language against the defendant. The State objected on the ground that such question went into the evidence and would require the jurors to make a pre-judgment of the case. The defendant did not, as he now argues, seek to question as to their bias toward the use of vulgar language but sought to demand a promise that the jurors would not hold that against the defendant in any way. The question was improper because it failed to reflect any matter or thing which would show an interest or bias of the juror in the case in chief. The question was properly disallowed. See *Berryhill v. State*, 249 Ga. 442, 448 (5) (291 SE2d 685); *Waters v. State*, 248 Ga. 355, 363 (283 SE2d 238); *Padgett v. State*, 251 Ga. 503, 504 (307 SE2d 480). The record here fails to disclose an abuse of discretion by the trial court. See *Berryhill v. State*, 249 Ga. 442, 448 (5), supra; *Waters v. State*, 248 Ga. 355, 363, supra; *Padgett v. State*, 251 Ga. 503, 504, supra. As to the remaining portion of this claim of error, it is noted that each juror was identified by name when he was examined on voir dire. The complaint here is not supported by the record. It is apparent from the record that the defendant was afforded an opportunity for individual voir dire of the jury. See *State v. Hutter*, 251 Ga. 615, 616-617 (307 SE2d 910); *State v. Graham*, 246 Ga. 341, 343 (271 SE2d 627). Compare *Henderson v. State*, 251 Ga. 398, 399-402 (1) (306 SE2d 645). There is no merit in this complaint.

4. The next complaint is that the trial court erred by allowing the State to rehabilitate certain potential jurors after a challenge for cause by the defendant had been made. However, *Strong v. State*, 161

Ga. App. 606, 607 (4) (288 SE2d 921), implicitly recognizes that it is permissible to ask further questions following a challenge for cause, and it is enough if the juror states that he will abide by the law and decide the case based upon the evidence. See *Jordan v. State*, 247 Ga. 328, 338-340 (6) (276 SE2d 224); *Berryhill v. State*, 249 Ga. 442, 447 (4), supra. We find no abuse of discretion in the denial of the challenge for cause of these two jurors. See *Hughes v. State*, 161 Ga. App. 824, 825 (3) (288 SE2d 916); *Johnson v. State*, 209 Ga. 333 (2), 334 (72 SE2d 291); *Grant v. State*, 160 Ga. App. 837, 840-842 (4) (287 SE2d 681).

5. Defendant next contends it was error to allow into evidence over objection the introduction of certain tape recordings and a transcript thereof, the same being inadmissible under *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207, 211-212 (88 SE2d 167); and *Palmer v. State*, 158 Ga. App. 743, 744 (282 SE2d 201). In the case sub judice, the seven-element foundation as approved in *Central of Ga. R. Co. v. Collins*, 232 Ga. 790, 793 (3) (209 SE2d 1), was fully met, and we find no merit in this complaint. *Harris v. State*, 237 Ga. 718, 723-725 (5) (230 SE2d 1); *Dick v. State*, 246 Ga. 697, 704-705 (273 SE2d 124). This ground of alleged error is not meritorious.

6. The trial court did not err in sustaining an objection (on the grounds of irrelevance and immateriality) to the cross-examination of a State witness concerning a report that the windows of his car had been shot out. At the time of the objection, defendant argued that further questioning of the witness would produce answers which would implicate defendant as being the person responsible for the windows being shot out, thereby showing the witness' animus toward him. However, the record reflects that this line of questioning involved new matter which had not been brought out by direct examination. Furthermore, defendant's counsel had already cross-examined this witness at some length and had discussed various incidents which may have affected his credibility. Although a defendant is entitled to a thorough and sifting cross-examination of the witnesses against him, the scope of cross-examination is largely within the discretion of the trial court and will not be interfered with by this court unless abused. See *Mitchell v. State*, 236 Ga. 251, 256 (3) (223 SE2d 650); *Goodrum v. State*, 158 Ga. App. 602, 603 (1) (2) (281 SE2d 254); *Crawford v. State*, 154 Ga. App. 362, 363 (2) (268 SE2d 414). We find no abuse of discretion here. See also *Dill v. State*, 222 Ga. 793, 794 (152 SE2d 741); *Hudson v. State*, 137 Ga. App. 439, 440 (224 SE2d 48).

7. In his remaining enumeration of error, defendant contends that the trial court erred in refusing to allow defense witness John B. Wilson to proffer testimony concerning a conversation he allegedly overheard between defense witness Sheriff Stynchcombe and defendant. Defendant contends that this testimony, if allowed, would have

"tended to show that [defendant] had been directed [by his superior, the sheriff] to conduct an inter-departmental investigation." Thus, defendant argues, this testimony was essential to his defense and that by refusing to admit it substantively into evidence, the court violated his "fundamental right of due process and his right to present his theory of defense." Defendant's contention is without merit.

At trial and upon direct examination Sheriff Stynchcombe was asked, "Did you tell Captain Smith to let the chips fall where they may concerning an internal investigation of Metro Narcotics Drug Squad?" The sheriff responded, "I don't recall the conversation that you're referring to at all, but it's possible that Charlie [defendant] might have mentioned this to me after the Board of Directors meeting walking back over to the Courthouse . . ." To prove whether the sheriff actually made this statement to defendant, defense counsel put John B. Wilson (defendant's brother-in-law) on the stand. This witness had allegedly overheard a particular conversation between the sheriff and the defendant in which the sheriff allegedly told defendant to "[c]ontinue with the investigation. Let the chips fall where they may." However, before Mr. Wilson made this proffer of testimony to the jury, an objection on the ground of hearsay was made by the State. Before ruling on the objection, the trial court inquired as to whether the defendant was impeaching his own witness. Defense counsel indicated that he was not but shortly thereafter, upon reconsideration, indicated that he did want to impeach the sheriff. To this, the trial court responded, "All right, then you must first ask him did he make the statement. You must put the sheriff back on the stand. You may do so." Instead, defense counsel, without recalling the sheriff to the stand, proffered the testimony of Mr. Wilson (regarding what he allegedly overheard the sheriff say to defendant). The trial court, however, refused the defense counsel's proffer of testimony and sustained the State's objection.

Before a witness may be impeached by proof of previous contradictory statements made by that witness, a proper foundation must be laid by bringing to the mind of the witness, with as much certainty as possible, the time, place, person and circumstances attending the former statement. See OCGA § 24-9-83; *Palmer v. State*, 158 Ga. App. 743 (2), 744, supra. The purpose of laying such a foundation is to give the witness the opportunity to explain or deny the prior contradictory statement. See *Estill v. Citizens & Southern Bank*, 153 Ga. 618 (7), 627 (113 SE 552); *State Farm Mut. Auto. Ins. Co. v. Rogers*, 105 Ga. App. 778, 782 (3), 783 (125 SE2d 893).

In the case sub judice, the defendant failed to properly impeach Sheriff Stynchcombe. The sheriff, while on direct examination, was never asked questions concerning the time, place, or circumstances attending the alleged former statement. Nor was the sheriff brought

back to the stand for further questioning along this line. Thus, since the sheriff was never given the opportunity to explain or deny the alleged prior contradictory statement, a proper foundation was never laid. As such, the trial court correctly and properly refused to admit the testimony proffered by defense witness Wilson. See *Sosebee v. State*, 169 Ga. App. 370, 371 (3) (312 SE2d 853).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 25, 1984 — 

*Donald C. Turner*, for appellant.

*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney*, for appellee.