74078. KENT v. THE STATE.
(356 SE2d 543)

Pope, Judge.

Defendant appeals his conviction and sentence for the offenses of child molestation and recidivism. *Held*:

1. Defendant, who is deaf and mute, argues that the trial court erred in allowing the State to ask potential jurors the following question: "I'm going to ask you to promise me that if you are selected as a juror on this case, that you can lay aside any sympathy for this defendant because he is deaf and decide the case strictly on the evidence produced in court."

"In *Waters v. State*, 248 Ga. 355, 363 (283 SE2d 238) (1981), [the Supreme Court of Georgia] noted that '(v)oir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. (Cit.) However, no question should require a response from a juror which might amount to a prejudgment of the case. (Cit.) Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the "control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion." [Cits.]' " *Padgett v. State*, 251 Ga. 503, 504 (307 SE2d 480) (1983); accord *Amerson v. State*, 177 Ga. App. 97 (5) (338 SE2d 528) (1985); *Smith v. State*, 171 Ga. App. 758 (3) (321 SE2d 213) (1984). Because our review of the record reveals no manifest abuse of discretion in the case sub judice, we will not on review interfere with the trial court's decision to allow the State to question potential jurors in the manner described above. Accordingly, this enumeration is without merit.

2. Defendant also contends that the trial court erred in not granting his Motion to Sequester Jury and, because there was serious doubt as to the victim's competency to testify, in allowing the jury to view the victim. Again, our review of the record does not support defendant's contentions.

The record shows that during the course of the trial, and outside the presence of the jury, defense counsel reminded the court that there had been no ruling on defendant's motion to sequester, in which defendant sought to have the trial court excuse the jury prior to conducting the competency examination of the four-year-old victim. The

trial court responded by stating that it did not know who the State intended to call as its next witness and ordered that the jury be returned to the jury box. The State then called as its next witness the victim, whereupon the trial court immediately instructed the jury to return to the jury room. The transcript shows that the jury exited the courtroom, and that the trial court then called the victim to the stand. Thus, it is not readily apparent of record that the jury did, in fact, have an opportunity to see the victim. Moreover, the record also reveals that defendant made no objection to the manner in which the trial court conducted this portion of the proceedings. "Whenever improper conduct allegedly occurs in the presence of the jury, it is necessary in order to make the same a basis for review, that . . . counsel make proper objection to it at the time made or invoke some ruling or instruction from the court . . . and if the court refuses to grant that remedy to the movant, then it is incumbent upon him to ask the court to declare a mistrial. A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Citations and punctuation omitted.) *Castillo v. State*, 178 Ga. App. 312 (3) (342 SE2d 782) (1986); see also *Sprayberry v. State*, 174 Ga. App. 574 (1) (330 SE2d 731) (1985). Consequently, this enumeration is without merit.

3. Lastly, defendant contends that he was denied a fair trial because the trial court informed the jury that it had determined the victim not competent to testify in view of her age. Pretermitting the question of whether the trial court's remark constituted error, defendant has not shown how he was harmed by this remark and has therefore presented no basis for reversal. See, e.g., *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966); *Cooper v. State*, 178 Ga. App. 709 (7) (345 SE2d 606) (1986). Moreover, we are convinced that it is highly probable that such error, if any, did not contribute to defendant's conviction. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); *Daniel v. State*, 180 Ga. App. 179 (5) (348 SE2d 720) (1986).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 9, 1987.

*Steve Bennett*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.