## 77846. PIERRE v. THE STATE.
(375 SE2d 511)

McMURRAY, Presiding Judge.

Defendant was indicted for possession of cocaine with intent to distribute. The evidence adduced at a jury trial showed that "Detective-Sergeant" Nelson T. Brown, Jr. and "Detective Carl Brown" of the Americus, Georgia, Police Department arranged to observe two police informants purchase cocaine from defendant. A microphone and a radio transmitter were concealed beneath the clothing of one of the police informants so that the detectives could monitor conversations during the illegal drug transaction. After one of the informants signaled that defendant had produced cocaine, the detectives and other law enforcement officers arrested defendant and seized the controlled substance. From this and other evidence adduced at trial, defendant was found guilty of the crime charged. This appeal followed. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in allowing Detective Nelson T. Brown, Jr., to testify as to conversations he observed while monitoring the illegal drug transaction. Defendant argues that the testimony was inadmissible hearsay.

Assuming, without deciding, that the conversations Detective Brown observed during the illegal drug transaction were hearsay, they were admissible as part of the res gestae. OCGA § 24-3-3. See *Doughty v. State*, 175 Ga. App. 317 (1) (333 SE2d 402). " 'In addition, all circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. (Cits.)' *Fuqua v. State*, 183 Ga. App. 414, 419-420 (359 SE2d 165) (1987). See also *Eaton v. State*, 184 Ga. App. 645 (1) (362 SE2d 375) (1987)." *Lawrence v. State*, 187 Ga. App. 211, 212 (1) (213 (369 SE2d 531). Consequently, the trial court did not err in allowing Detective Brown's testimony.

2. In his second enumeration of error, defendant contends "[t]he trial court erred by refusing to allow [his attorney] to respond to objections made by the District Attorney." However, defendant has failed to indicate where in the trial transcript this alleged erroneous conduct transpired. Consequently, this enumeration of error presents nothing for review. See Rule 15 (c) (3) (i) (ii) of the Rules of the Court of Appeals of the State of Georgia; *Ross v. State*, 173 Ga. App. 313, 315 (5) (325 SE2d 919).

3. In his final enumeration of error, defendant contends the trial court "erred in denying [him] a fair trial by unnecessarily and repeatedly admonishing [his attorney] before the trial jury."

" 'It is the duty of the trial court to control the trial of the case and to ensure a fair trial to both sides of the disputed issues in the case. Sometimes this requires interference by the court with the conduct of counsel or with a witness in [the] trial. The trial judge has broad discretion in handling these matters, and we are loathe to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness. . . . (Cits.)' *Westerfield v. State*, 176 Ga. App. 195 (3b) (335 SE2d 702) (1985)." *Cantrell v. State*, 184 Ga. App. 384, 385 (2), 386 (361 SE2d 689). We have examined the portions of the trial transcript in the case sub judice where defendant contends the trial court abused its discretion in directing the trial and we find no interference by the trial judge which deprived defendant of a fair trial. This enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 21, 1988.

*Ellis, Easterlin, Peagler & Gatewood, John V. Harper*, for appellant.

*John R. Parks, District Attorney*, for appellee.