A92A0145, A92A0146. VAN DIVIERE et al. v. DELTA AIRLINES, INC. (two cases).
(420 SE2d 27)

SOGNIER, Chief Judge.
Cheryl Van Diviere and her husband brought an action against Delta Airlines, Inc. seeking damages for injuries alleged to have resulted from the actions of Delta employees while boarding and seating Van Diviere on a Delta flight from Hartford, Connecticut to Atlanta. The original action, filed in superior court, resulted in a mistrial after a jury deadlocked. The Van Divieres then voluntarily dismissed the action and refiled this action in state court, where a jury trial ended in a defense verdict. Following the trial court's denial of their motion for judgment n.o.v. and for a new trial, the Van Divieres filed a notice of appeal. They subsequently amended the notice of appeal and sought and obtained an extension of the time within which to file the transcript. After holding an evidentiary hearing, the trial court granted Delta's motion to dismiss the appeal made on the ground that the transcript filing deadline had passed without the transcript having been filed. In Case No. A92A0146, the Van Divieres appeal from the trial court's order dismissing the appeal.

Case No. A92A0145 is the Van Divieres' original appeal from the trial court's order denying their motion for j.n.o.v. and for a new trial.

1. We first address appellants' contention in Case No. A92A0146, since an affirmance of the trial court's order dismissing the appeal would render unnecessary our consideration of the issues in Case No. A92A0145.

A trial court has authority to dismiss an appeal if, "after notice and opportunity for hearing, [it finds that] there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appealing] party." OCGA § 5-6-48 (c). In passing upon these issues the trial court must exercise its discretion, *Strother v. C & S Nat. Bank*, 147 Ga. App. 140, 141 (248 SE2d 204) (1978), but only if the movant has shown: (1) that the delay in filing was unreasonable; (2) that it was inexcusable; and (3) that it was caused by the appealing party. *Department of Human Resources v. Pattilo*, 196 Ga. App. 778, 779 (397 SE2d 47) (1990). This court must decide, based on the evidence presented, whether the trial court abused its discretion by dismissing the appeal. *Gilman Paper Co. v. James*, 235 Ga. 348, 349 (219 SE2d 447) (1975).

The evidence at the hearing on the motion showed that following the jury's verdict and the judgment entered thereon in the spring of 1990, appellants' attorneys ordered transcripts prepared of several portions of the trial testimony, presumably for the pending motion for j.n.o.v. and new trial. Those portions of the trial testimony were transcribed, paid for, and timely filed with the trial court. After the trial court denied appellants' post-trial motion, appellants timely filed a notice of appeal on November 2, 1990. Shortly thereafter, the trial court granted their motion to extend the deadline for filing the transcript until February 1, 1991. See OCGA § 5-6-39 (a) (3). No further extensions were sought.

Those portions of the transcript which had already been transcribed for the motion for new trial were timely filed for appeal by the extended deadline. The court reporter testified, however, that appellants did not order additional portions of the trial transcript which they had designated in their notice of appeal until March 13, 1991, 40 days after the extended deadline for filing the transcript had passed. Although the evidence adduced at the hearing was in direct conflict on this point, with appellants' attorneys stating in their place that they had timely ordered the additional transcript portions pursuant to OCGA § 5-6-42, the trial court was authorized by the evidence to conclude that appellants failed to timely order the additional portions of the transcript from the court reporter. See OCGA § 5-6-48 (c). At the hearing on the motion to dismiss the appeal (held 119 days after the transcript filing deadline had expired), those portions of the transcript still had not been filed. We note that the evidence showed that

on November 16, 1990, appellee designated two additional portions of the trial testimony to be included in the record on appeal and those portions of the transcript were timely filed.

The trial court granted appellee's motion to dismiss the appeal, finding that "[t]he failure to timely file a transcript was unreasonable, inexcusable and caused by the acts and inactions of the party responsible for filing the transcript." Given appellants' undisputed failure to seek another extension of the deadline and the trial court's authorization to conclude that they had failed even to order the additional portions of transcript until the deadline had passed, it is clear the trial court did not abuse its discretion in finding that the delay was caused by appellants and was inexcusable. *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21 (1) (363 SE2d 265) (1987). "However, the threshold question whether the delay was *unreasonable* is a separate matter and refers principally to the length and effect of the delay. [Cits.]" Id.

Unlike the delay in *Galletta*, where the transcript was filed 11 days after the deadline expired and that delay did not affect placement of the appeal on the earliest possible calendar in this court, the record shows in the case sub judice that the transcript had not yet been filed 119 days after the expiration of the deadline, which "obviously . . . delayed the docketing necessarily." Id. at 22. The trial court appeals clerk averred that preparation and transmission of the record was delayed "partly because the entire transcript has not yet been filed," and the court reporter testified that she could have completed the additional transcription by the deadline had appellants ordered it. Under these circumstances, we hold that the trial court did not abuse its discretion in finding that the delay was unreasonable as well. Compare *Galletta*, supra; *Sellers v. Nodvin*, 262 Ga. 205 (415 SE2d 908) (1992). Accordingly, although it is generally the policy of the law to reach the merits of a case where it is reasonable to do so, *Galletta*, supra at 22, as all three elements necessary for dismissal had been shown, the trial court did not err by dismissing the appeal. See generally *Pattilo*, supra.

2. Since the trial court properly dismissed the appeal, we need not consider the issues raised therein.

*Judgment affirmed in Case No. A92A0146. Appeal dismissed in Case No. A92A0145. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 1, 1992 —

RECONSIDERATION DENIED JUNE 12, 1992 —

*Bedford, Kirschner & Venker, T. Jackson Bedford, Jr., Andrew R. Kirschner*, for appellants.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Ste-*

*phen L. Cummings,* for appellee.