A92A0214. McCLURE v. THE STATE.
(421 SE2d 121)

BEASLEY, Judge.

Sean McClure appeals the trial court's dismissal for failure to comply with OCGA § 5-6-42 of the appeal of his conviction for misdemeanor theft by shoplifting, OCGA § 16-8-14 (a) and (b) (1). The dismissal followed a hearing on the State's motion to dismiss grounded on defendant's failure to pay the remaining amount needed for completion of the trial transcript, his not filing the transcript, and his failure to file a request for extension of time for its filing. See OCGA § 5-6-39 (a) (3).

Defendant, via new appellate counsel, challenges the dismissal on two bases: defendant's former appellate representation by "pro bono" counsel, defendant's father, was ineffective under the standards of the State and Federal Constitutions because of counsel's failure to seek an extension of time to obtain the trial transcript so as to prevent dismissal of defendant's appeal; as an indigent, defendant was denied his rights, under the State and Federal Constitutions, to appointed counsel and was forced to seek the ineffective assistance of his attorney-father to pursue his appeal. A consideration of the history of counsel involvement is necessary for proper disposition.

On April 6, 1990, the court certified defendant as indigent and entitled to appointed counsel. The court administrator assigned attorney Matthews, and a trial at the beginning of July resulted in a conviction.

On July 11, Matthews filed a notice of appeal which stated that a transcript of evidence and proceedings would be filed for inclusion in the record on appeal. He appended an "Enumeration of Errors" which included an allegation that he had not provided defendant with effective assistance at trial. On July 27, Matthews filed a "Motion for Trial Transcript" asserting that defendant was indigent and unable to afford a copy of his trial transcript. Four days later, the State moved for a substitution of counsel because of the pragmatic and ethical considerations in resolving the issue of ineffective assistance of trial

counsel. After a hearing on August 10, the court disqualified Matthews because of defendant's desire to pursue that issue. The order concluded: "In that the Court has not yet appointed council (sic) for the Defendant at public expense for appellate purposes, the Defendant must, if desired, move this Court to do so." The motion for a trial transcript which had been filed by Matthews was not ruled on.

Ten days later, defendant himself filed a pauper's affidavit in which he certified that he was unable to afford his appeal and unable to pay for a copy of his trial transcript. He also filed a letter addressed to the trial court which related his inability to obtain employment and his indigence. It concluded: "It is my understanding that . . . Matthews has been removed as my counsel, therefore, I ask the Courts to please appoint competent defense counsel for my appeal."

On the same day, the trial court wrote defendant a letter advising, "I will not appoint an attorney to represent you on your appeal unless you appear before me for a hearing to determine whether you are eligible for such an appointed attorney. Please contact my secretary as soon as possible to arrange a time for this hearing."

On October 19, the defendant's father, an attorney, filed a notice of appearance as appellate counsel and an amendment to the notice of appeal. It reaffirmed that a full trial transcript would be filed for inclusion in the record on appeal and reserved the right to further amend the notice and enumerations of error upon receipt of the trial transcript. On the same day, this counsel also filed a copy of a request for transcript addressed to the court reporter which recited that he enclosed a $500 deposit so that the trial transcript could be completed and provided as soon as practicable.

About 11 months later, in September 1991, the State moved to dismiss the appeal. The court conducted a hearing on the motion on September 25 at which counsel argued his own financial hardship and inability to pay the remaining transcript costs on behalf of his son. He admitted his own legal ineffectiveness in failing to file for an extension to obtain the transcript. He also filed in open court a "Motion for Appointment of Counsel and Payment to Attorney for Trial Transcript" in which he stated that his son was indigent and unable to afford appellate counsel or a trial transcript, that he himself was representing defendant pro bono and had paid the court costs and $945 to the court reporter for the trial transcript, and that he himself was unable to sustain the costs of the appeal and transcript. The motion requested that the court appoint qualified counsel to represent defendant and that the attorney/father be reimbursed for the costs of the appeal and the transcript. Appended to the motion was an affidavit by defendant reaffirming his indigence.

Two days after the hearing, the court entered the dismissal order

at issue. The order stated that prior to Matthews' being relieved, the court had verbally notified Matthews that before the court would consider any further appointment of counsel, there would have to be a new indigency hearing since evidence had come out during trial which caused the court to doubt its previous finding of defendant's indigence. It added, "Although the second paragraph of the written order of August 10, 1990 appears to attempt to address this point, the Court for clarity purposes, has restated its position at that time." The court further stated that defendant had never complied with the court's "directive to appear before the Court to be examined to determine his continued eligibility for Court Appointed Counsel and for the county to provide the transcript at taxpayer's expense." The court concluded that "the failure to comply with [OCGA §] 5-6-42 was occasioned by the conduct of the Defendant, and not the conduct of his trial counsel or of his subsequently-retained appellate counsel (his father), . . ."

1. The quality of the attorney/father's legal representation insofar as reflected by the failure to file for an extension of time to obtain the transcript did not figure in the trial court's decision. Thus, aside from any procedural impediment to a present consideration of the issue of his effectiveness in his interim appellate representation, such issue of ineffective appellate counsel is not a relevant inquiry in regard to the propriety of the dismissal of defendant's appeal. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

2. The crux is the defendant's own conduct in pursuing his appeal in the context of his entitlement, if any, to further appellate representation on the basis of indigence.

"A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court." *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976). The trial court may make a factual determination of whether or not the convicted defendant's conduct, alone or in concert, purposefully delayed review by the appellate court. Such a determination will not be reversed if there is evidence to sustain it. Id. at 241.

First, even though the trial court pinned its decision to dismiss on the defendant's own conduct, it made no determination as to whether or not the cited conduct of omission amounted to a *purposeful* delay of the appeal. Nor did it make any finding pursuant to OCGA § 5-6-48 (c) that the delay in filing the transcript was *unrea-*

*sonable* and *inexcusable*. See *Watts v. State*, 185 Ga. App. 654, 656 (1) (365 SE2d 501) (1988).

Second, the evidence of record would not support a finding of a purposeful delay of the appeal by defendant's own conduct, as a matter of law. At most it points to a lack of communication between the court and defendant during the post-conviction time period in which defendant became unrepresented by counsel. Accepting the court's statement that prior to the release of appointed attorney Matthews, the court verbally notified Matthews that a new indigency hearing would be required before further appointment of counsel, there is no evidence that such fact was ever actually related to defendant.

Further, the court's August 10 order removing Matthews did not direct defendant to appear for a hearing on the question of indigence but instead instructed the defendant to "move" the court to appoint other appellate counsel, if the defendant so desired. This the defendant did, ten days later, in his pro se submission. While such documents were not formally presented as a motion, they clearly gave notice of defendant's asserted need and request because of indigence for a trial transcript and appointed counsel to pursue his appeal. See *Roberts v. Caldwell*, 230 Ga. 223 (196 SE2d 444) (1973).

Lastly, there is no evidence that the court's August 20 letter was mailed to or received by him, instructing him to contact the office for a hearing date.

The defendant's repeated and consistent petitions for further appointed representation and a free trial transcript because of indigence, both while represented by counsel and while pro se, would countervail the conclusion that defendant intentionally impeded an additional determination of indigence for the purpose of delaying his appeal.

The record shows that the delay was not purposeful on defendant's part. Considering all these circumstances, it could not be regarded as unreasonable or inexcusable. The appeal should not have been dismissed.

The question remains, what now?

" 'Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel or, in the alternative, to represent themselves. However, it is only indigent defendants for whom the trial court must appoint counsel.' *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987). 'This right extends to every indigent accused who indicates his desire to appeal.' *McAuliffe v. Rutledge*, 231 Ga. 1, 3 (200 SE2d 100) (1973)." *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991).

The judgment of dismissal is reversed. The case is remanded for a determination of defendant's present indigence and appointment of appellate counsel, if warranted, who can pursue an out-of-time appeal

from the conviction. See *Mapp, supra* at 48.

*Judgment of dismissal of appeal reversed and case remanded. Birdsong, P. J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I agree with the judgment that the order of dismissal must be reversed and the case remanded to the trial court. However, the conclusion that the case should be remanded for a hearing to determine if the defendant is indigent is unnecessary since the record reflects the trial judge signed a certificate finding the defendant indigent after a hearing on October 3, 1991.

The letter of the trial court dated August 20, 1990, addressed to the defendant (a copy of which was also filed with the clerk of court on the same day) instructing the defendant to contact the court and arrange a time for an indigency hearing, and the lack of any response from the defendant, was a sufficient factual basis to sustain a determination that the defendant's conduct purposefully delayed appellate review from that time until counsel entered of record in his behalf on October 19, 1990. "[T]rial judges must be allowed to determine, as a matter of fact, whether a convicted person's conduct . . . has purposefully delayed review by an appellate court. And if there is evidence to sustain such a factual determination by a trial judge, such determination will not be reversed on review in the appellate court." *State v. Denson,* 236 Ga. 239, 241 (223 SE2d 640) (1976).

After a hearing, the trial court dismissed the appeal under the authority of OCGA § 5-6-48 for failure to timely file a transcript as required by OCGA § 5-6-42. I agree with the majority that the dismissal was based on the delay during the period of time the defendant was unrepresented by counsel. In so doing the trial court is required to exercise its legal discretion to determine whether the delay was unreasonable, and if so, whether it was also inexcusable and was caused by the appellant. *Sellers v. Nodvin,* 262 Ga. 205 (415 SE2d 908) (1992); *Van Diviere v. Delta Airlines,* 204 Ga. App. 573 (420 SE2d 27) (1992); OCGA § 5-6-48 (c), (f). The trial court's finding that the failure to timely file the transcript was caused by the defendant's conduct was a sufficient determination that the delay was purposefully caused by the defendant. The trial court made no finding, however, that the delay was unreasonable and inexcusable. See *Sellers, supra* (establishing requirements for a determination of unreasonableness); *Van Diviere, supra.* Accordingly, the dismissal must be reversed and the case remanded, not for an indigency hearing, but for the trial court to exercise its discretion and make findings on these issues. *Crenshaw v. Ga. Underwriting Assn.,* 202 Ga. App. 610, 611 (414 SE2d 915) (1992); *Georgia Dept. of Human Resources v. Patillo,* 194 Ga. App. 279 (390 SE2d 431) (1990).

Decided July 14, 1992.

*Jon W. McClure, Melnick, Moore & Elliott, Larry M. Melnick,* for appellant.

*Keith C. Martin, Solicitor,* for appellee.