A92A1998. LANGSTON v. THE STATE.
(426 SE2d 609)

McMurray, Presiding Judge.

On June 5, 1991, defendant was convicted of driving under the influence and speeding, and on July 3, 1991, she filed a notice of appeal. Shortly thereafter, on July 11, 1991, defendant's attorney sent a letter to the court reporter asking her to "prepare a transcript and file it with the Court." In making his request, defendant's attorney stated, "If you are unable to file the transcript by August 3, 1991, please let me know so I may secure an extension of time." Within five days, defendant's attorney sent a letter to defendant requesting payment for the trial transcript. Therein, defendant's attorney wrote: "I have spoken with the Court Reporter and she is requiring a deposit of $650.00 in order to prepare the transcript. Please send this amount as soon as possible . . ." No other action was taken in the case until November 18, 1991. At that time, defendant's attorney sent $650 to the court reporter and urged her to "file the transcript as soon as possible." The court reporter prepared the transcript and filed the original on December 5, 1991. At no point did defendant seek an extension of time for filing the transcript.

The State moved to dismiss the appeal on the grounds that defendant failed to have the transcript filed within 30 days of the filing of the notice of appeal. Following a hearing, the trial court dismissed defendant's appeal. Defendant filed a motion for reconsideration. Following another hearing, the trial court denied defendant's motion. Thereupon, defendant timely appealed from the dismissal of her appeal and the denial of her motion for reconsideration. *Held*:

1. "A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an

appellate court." *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640).

In its order dismissing the appeal, the trial court stated: "[T]he defendant and his attorney abandoned and forfeited the Appeal. This was evidenced by: 1) The failure of the defendant to timely cause the transcript to be prepared and filed . . . 2) The failure to request the transcript sooner than August 3, 1991, more than thirty days after the filing of the Notice of Appeal; 3) The failure to request an extension for the filing of the transcript . . . The delay of the defendant in filing the transcript was not reasonable, and the delay was not excused by the Court."

Citing *McClure v. State*, 205 Ga. App. 22 (421 SE2d 121), defendant asserts the trial court erred in dismissing the appeal because it made no determination as to whether she purposefully caused the delay. We disagree. The trial court's conclusion that defendant "abandoned and forfeited" her appeal was a sufficient determination that the delay was caused purposefully by defendant. See *McClure v. State*, 205 Ga. App. 22, 26, supra (Andrews, J., concurring specially).

Relying upon *Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431), defendant also asserts the trial court failed to ascertain whether the delay in filing the transcript was unreasonable and inexcusable. This assertion is wholly without merit. In its order dismissing the appeal, the trial court expressly and specifically found that the delay was not reasonable and was not excusable.

2. Defendant contends the trial court erred in failing to consider her "Motion in Opposition to Motion to Dismiss." This contention is without merit. Although the trial court initially refused to consider the "motion" (because it was not on file in the clerk's office) at the time of the hearing on the motion to dismiss, it did consider the "motion" at the hearing on the motion for reconsideration. After considering the "motion" at the second hearing, the trial court adhered to its original ruling. We fail to see how defendant was harmed by the trial court's refusal to consider the "motion" at the first hearing.

3. Defendant argues that the trial court should have attributed the delay in filing the transcript to the court reporter because she refused to prepare the transcript until she was paid a $650 deposit. In this regard, defendant asserts that she was indigent and her counsel was proceeding pro bono. We cannot accept this argument. If defendant was indigent, she should have sought leave to proceed in forma pauperis. See OCGA §§ 17-12-2 (5); 17-12-10. See also Uniform Superior Court Rule 41.3. This she failed to do.

4. In its order, the trial court stated that defendant failed to "request the transcript" within 30 days after the filing of the notice of appeal. Defendant asserts that that finding was erroneous, pointing to her attorney's July 11, 1991, letter asking the court reporter to prepare the transcript. We fail to see defendant's point. As we see it, the

transcript was not really ordered until November 18, 1991, when defendant's attorney sent the deposit to the court reporter and asked her to file the transcript as soon as possible. In any event, whether or not defendant *asked* for the transcript within 30 days of the filing of the notice of appeal, it is clear that the transcript was not *filed* within that time period.

It was incumbent upon defendant to file the transcript within 30 days of the filing of the notice of appeal or to seek an extension of time from the trial court. OCGA § 5-6-42. "Failure of the appellant to request an extension for the filing of the transcript is not in itself a ground for dismissal of the appeal absent a judicial determination that the resulting delay was both unreasonable and inexcusable. [Cit.] In this case the dismissal was supported by a finding that the delay was unreasonable and inexcusable. Given the four-month delay in filing the transcript and appellant's apparent lack of diligence in discovering that the transcript would be delayed, we find no abuse of the trial court's discretion in finding the delay to be unreasonable and inexcusable. [Cit.]" *Glen Restaurants v. Building 5 Assoc., Ltd.*, 189 Ga. App. 327, 328 (375 SE2d 492).

5. The remaining enumeration of error is not supported by argument or citation of authority and is deemed to have been abandoned. Court of Appeals Rule 15 (c) (2); *Adams v. State*, 187 Ga. App. 340, 345 (3) (370 SE2d 197).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED DECEMBER 1, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992.

*Wallace C. Clayton*, for appellant.

*Patrick H. Head, Solicitor, Clifford L. Granger, Jr., Susan M. Miller, Aurieanne Sneed, Assistant Solicitors*, for appellee.