### A93A1188. GASTON v. THE STATE.
(438 SE2d 107)

POPE, Chief Judge.

Defendant was convicted by a jury of trafficking in cocaine. He appeals following the denial of his motion for new trial.

1. Contrary to defendant's first and eighth enumerations of error, the evidence adduced at trial was sufficient to authorize a rational trier of fact to find defendant guilty of the crime charged beyond a reasonable doubt.

2. The defendant contends the trial court erred by allowing the prosecutor, over objection, to propound the following question to the jury on voir dire: "Is there any juror who holds the view that drugs should be decriminalized or made legal, either marijuana, cocaine, any drug."

" 'In *Waters v. State*, 248 Ga. 355, 363 (283 SE2d 238) (1981), (the Supreme Court of Georgia) noted that "(v)oir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. (Cit.) However, no question should require a response from a juror which might amount to a prejudgment

of the case. (Cit.) Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' (Cits.)" ' [Cits.] Because our review of the record reveals no manifest abuse of discretion in the case sub judice, we will not on review interfere with the trial court's decision to allow the State to question potential jurors in the manner described above. Accordingly, this enumeration is without merit." *Kent v. State*, 182 Ga. App. 592 (1) (356 SE2d 543) (1987). Accord *Kirkland v. State*, 206 Ga. App. 27, 28 (4) (424 SE2d 638) (1992).

3. Contrary to defendant's next four enumerations of error, the trial court did not err by allowing a GBI agent, who was the primary investigating officer in this case, to testify about certain statements that were made to him or in his presence by the confidential informant who arranged the drug transaction with the defendant inasmuch as these statements were part of the res gestae. See, e.g., *Pierre v. State*, 189 Ga. App. 364 (1) (375 SE2d 511) (1988). Moreover, any error in the admission of the testimony was harmless, in that it is highly probable it did not contribute to the jury's verdict. *Johnson v. State*, 238 Ga. 59, 60-61 (230 SE2d 869) (1976); *Chandler v. State*, 204 Ga. App. 816, 819 (1) (421 SE2d 288) (1992); *Baptiste v. State*, 190 Ga. App. 451, 452-453 (1) (379 SE2d 165) (1989).

4. Defendant has failed to support his enumeration of error no. 7 by citation of authority or argument; consequently, it is deemed abandoned on appeal. Court of Appeals Rule 15 (c) (2); *Langston v. State*, 206 Ga. App. 874, 876 (5) (426 SE2d 609) (1992).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

Decided October 15, 1993 —
Reconsideration denied November 23, 1993 —

*M. Kirby Wood*, for appellant.
Clemmie Gaston, *pro se.*
*John C. Pridgen, District Attorney*, for appellee.