A96A1129. COOK v. McNAMEE et al.
(477 SE2d 884)

McMurray, Presiding Judge.

The trial court granted defendants Debbie McNamee's and J. D. Ray's, d/b/a D. J.'s One Stop, motion to dismiss plaintiff William T. Cook's appeal based upon plaintiff's failure to file a transcript in a timely manner pursuant to OCGA § 5-6-48 (c).

The sparse filings designated for inclusion in the record on appeal in the case sub judice do not elucidate all facts essential for consideration of this appeal. We, therefore, presume that the trial court's dismissal order is supported by those parts of the record not designated for inclusion in the record on appeal, *Smallwood v. Mulkey*, 198 Ga. App. 496 (402 SE2d 99), and accept the trial court's findings that plaintiff's original notice of appeal (which was dismissed) was filed on August 3, 1994; that plaintiff was granted a 90-day extension to file a transcript for inclusion in the record in this appeal on October 13, 1994; that this extension expired (with no request by plaintiff for renewal) on January 11, 1995, and that plaintiff cancelled his order for a transcript in January 1995 because of a dispute with the court reporter over the cost of the transcript. The trial court observed that this dispute arose after the court reporter informed plaintiff that the transcript would cost over $600 more than the court reporter had originally estimated in October 1994; that "the transcript was in rough-draft form at the time Plaintiff cancelled the order, and [that the transcript] could have been completed in final form sometime in January [1995 had plaintiff not cancelled his order for a transcript in January 1995]." The trial court found that plaintiff contacted the court reporter on February 22, 1995; that plaintiff then discovered that the cost of a transcript could be reduced by excluding all but four exhibits from the transcript and that, after doing so, plaintiff entered into a contract with the court reporter for completion of the trial transcript. The trial court determined that, "by the time the transcript was re-ordered by Plaintiff on February 22, 1995, the court reporter was involved in two death penalty cases, and was unable to immediately return to work on Plaintiff's transcript, which remained in rough-draft form as of May 8, 1995, the day before the filing of this motion."

The trial court concluded that plaintiff's delay in attempting to resolve his dispute with the court reporter, along with plaintiff's failure to request more time to file the transcript after expiration of his

first extension of time to file a transcript, inexcusably caused an unreasonable delay in acquiring a transcript. The trial court thus dismissed plaintiff's appeal pursuant to OCGA § 5-6-48 (c). *Held*:

"A trial court has authority to dismiss an appeal if, 'after notice and opportunity for hearing, (it finds that) there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by (the appealing) party.' OCGA § 5-6-48 (c). In passing upon these issues the trial court must exercise its discretion, *Strother v. C & S Nat. Bank*, 147 Ga. App. 140, 141 (248 SE2d 204) (1978), but only if the movant has shown: (1) that the delay in filing was unreasonable; (2) that it was inexcusable; and (3) that it was caused by the appealing party. *Department of Human Resources v. Pattilo*, 196 Ga. App. 778, 779 (397 SE2d 47) (1990). This court must decide, based on the evidence presented, whether the trial court abused its discretion in dismissing the appeal. *Gilman Paper Co. v. James*, 235 Ga. 348, 349 (219 SE2d 447) (1975)." *Van Diviere v. Delta Airlines*, 204 Ga. App. 573, 574 (1) (420 SE2d 27).

In the case sub judice, the trial court concluded that plaintiff's delay in attempting to resolve his dispute with the court reporter, as well as plaintiff's failure to request more time to file a transcript after expiration of his first extension of time to file a transcript, inexcusably caused an unreasonable delay in acquiring a transcript. While these circumstances are sufficient to authorize the trial court's finding that the delay was caused by plaintiff and was inexcusable, *Van Diviere v. Delta Airlines*, 204 Ga. App. 573, 574 (1), supra, they are insufficient to authorize the trial court's finding that the delay was unreasonable. See *Sellers v. Nodvin*, 262 Ga, 205 (415 SE2d 908).

"[T]he threshold question [of] whether [a] delay [in filing a transcript is] *unreasonable* is a separate matter[ from the issue of whether such a delay is inexcusable], and refers principally to the length and effect of the delay [rather than the cause of the delay]. OCGA § 5-6-48 (c). See *Young v. Climatrol &c. Distrib. Corp.*, 237 Ga. 53, 55 (226 SE2d 737)." (Emphasis in original.) *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21 (1) (363 SE2d 265). In the case sub judice, the trial court found that "118 days passed between the expiration of the ninety (90) day extension and the filing of [defendants' motion to dismiss plaintiff's appeal]." But the trial court did not mention whether this delay was so severe as to prejudice the opposing parties or otherwise cause the appeal to become stale, as these terms are defined in cases such as *Sellers v. Nodvin*, 262 Ga. 205, supra; *Jackson v. Beach Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359); *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21 (1), supra.

In *Sellers v. Nodvin*, 262 Ga. 205, the Supreme Court held that a 35-day delay in filing a transcript was not unreasonable in light of undisputed evidence showing that the delay did not also "delay

transmission of the record to the Court of Appeals." Id. at 207-208 (2) (b), supra. In *Jackson v. Beach Aircraft Corp.*, 213 Ga. App. 172, the Court of Appeals said that an unreasonable delay may be defined as a delay which "may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale (see, e.g., *Cousins Mtg. &c. v. Hamilton*, 147 Ga. App. 210 (248 SE2d 516)), such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court. See *Sellers*, supra at 207 (1) (b)." (Emphasis omitted.) Id. at 173. And in *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, supra, this Court held that an 11-day delay in filing a transcript was not unreasonable because there was no intimation that the appellee suffered any prejudice; that the appeal was stale; that justice was delayed; that inequity resulted or that "there [was] any intermediate change in conditions. See *Hornsby v. Rodriquez*, 116 Ga. App. 234 (156 SE2d 830)." Id. at 21 (1), 22, supra. This Court also held in *Galletta* that the delay was not unreasonable because the delayed filing of "the transcript [did not prevent] the placement of the case on the earliest possible calendar in [the Court of Appeals] (*Green[ v. Weaver*, 161 Ga. App. 295, 296 (291 SE2d 247)]) or [delay] docketing of the appeal and the hearing of the case in this court. See *American Oil Co. v. McCluskey*, 116 Ga. App. 706, 708-709 (158 SE2d 431)." Id. Consequently, absent such proof in the case sub judice that plaintiff's delay in ordering a transcript also prejudiced defendants or otherwise caused this appeal to become stale, the trial court's finding that the delay was unreasonable cannot be sustained. Accordingly, as this Court did in *Jackson v. Beach Aircraft Corp.*, 213 Ga. App. 172, supra, the case sub judice is remanded for the trial court's finding as to whether plaintiff's delay was unreasonable as this term is defined in cases such as *Sellers v. Nodvin*, 262 Ga. 205, supra; *Jackson v. Beach Aircraft Corp.*, 213 Ga. App. 172, 173, supra, and *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21 (1), supra. After the trial court has complied with the remand directions of this Court, and within 30 days of the trial court's ruling, the trial court may be petitioned to retransmit an appeal expeditiously to this Court for appellate redocketing.

*Judgment vacated and case remanded with direction. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996.

*William Latson*, for appellant.

*Decker & Hallman, F. Edwin Hallman, Jr., David C. Moss,* for appellees.