A97A0436. RUSSELL v. THE STATE.
(486 SE2d 704)

SMITH, Judge.

Earnest Ronald Russell was indicted on two counts of selling heroin, OCGA § 16-13-30 (b). A jury found him guilty of one count and not guilty of the other. Russell's motion for new trial was denied, and he filed this appeal.

1. Russell enumerates the general grounds. Construed to support the verdict, the evidence presented at trial showed that agents from the U. S. Drug Enforcement Agency, the Chatham-Savannah Counter Narcotics Team, and the Bureau of Alcohol, Tobacco & Fire-

arms conducted a joint investigation of a heroin distribution ring operating in Savannah. As part of that investigation, a controlled purchase of heroin was arranged.

The person making the controlled purchase was a heroin user who was cooperating with the law enforcement agents, having been arrested himself but not yet tried or sentenced for possessing heroin. This individual identified Russell as one of the persons from whom he had bought heroin in the past. At the instance of Agent Robert Schafer, a Savannah police officer assigned to the counter narcotics team, he agreed to make a purchase from Russell with government funds while wearing a recording device.

The informant telephoned Russell from the counter narcotics team's office to arrange the purchase. After being searched and "wired," the informant rode with Schafer in the informant's truck to Russell's home. Russell met them outside, and the informant introduced Schafer as his "cousin." The informant left the truck and walked around it to the rear quarter panel, where the deal was consummated. The informant then immediately turned over to Schafer the two foil packets he purchased. They returned to the counter narcotics team office, where the informant was again searched. Both the informant and Schafer identified Russell in court as the person from whom he had made the purchase. The tape recordings of the telephone call and the purchase were played for the jury.

A forensic chemist from the DEA testified that she analyzed the contents of the foil packets and that they contained heroin hydrochloride.

Russell argues that the informant's testimony was not credible because Schafer instructed him that it was permissible to lie. But an appellate court does not determine the credibility of witnesses; that issue is reserved for the jury. *Kegler v. State*, 267 Ga. 147, 148 (1) (475 SE2d 593) (1996).

Russell also argues that the informant's testimony was unreliable because his cooperation was based upon a desire to obtain more favorable consideration of the charges pending against him. This argument goes to the weight to be given the informant's testimony, however, which was also for the jury, and not this court, to evaluate. *Smith v. State*, 222 Ga. App. 887 (1) (476 SE2d 653) (1996).

The informant's situation was completely revealed to the jury, and both he and Agent Schafer testified that favorable treatment was not promised to him. Indeed, Schafer testified that he was not present at the informant's plea hearing. He testified that he did advise a district attorney of the informant's cooperation; he also informed the district attorney, however, that the informant violated their agreement by again purchasing heroin for himself after the controlled buy and that he arrested the informant for that purchase.

Finally, regardless of the reasons for the informant's cooperation, the tape recordings clearly demonstrated that Russell sold heroin. The evidence was more than sufficient to support Russell's conviction for selling heroin under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Russell moved twice for a mistrial after a law enforcement agent and a paid informer mentioned their belief that he was involved with a particular heroin distribution ring under investigation. The trial court denied the motion both times. Russell contends on appeal that this was reversible error. We do not agree.

First, this testimony was given in regard to the count on which Russell was acquitted. If error, it was therefore harmless. Second, even assuming harm, this testimony did not improperly place Russell's character in issue, as urged by Russell. It merely revealed a *belief* held by law enforcement officers, which explained their motivation for setting up the controlled buy from Russell. This Court has held that similar statements, which did not reveal the reason for the belief that the defendant was involved in drug distribution, did not place the defendant's character in issue. See, e.g., *Guyton v. State*, 206 Ga. App. 145, 146 (3) (424 SE2d 87) (1992) (testimony that agents went into area where they knew people were trafficking drugs and targeted numerous individuals, including defendant).

Finally, not all evidence that may incidentally place a defendant's character in issue is necessarily inadmissible. *Rhodes v. State*, 200 Ga. App. 193, 197 (5) (407 SE2d 442) (1991). Even assuming the testimony placed Russell's character in issue, it was relevant and material. We find no reversible error.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 15, 1997 —
RECONSIDERATION DENIED MAY 29, 1997 —

Before Judge Karpf.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.