A97A1538. COPELAND v. THE STATE.
(492 SE2d 723)

SMITH, Judge.
Bobby Stinson Copeland was charged in one indictment with three counts of selling cocaine and one count of possessing cocaine

with intent to distribute, OCGA § 16-13-30 (b), and in a separate indictment with possessing a firearm during the commission of a felony, OCGA § 16-11-106 (b) (4). The case was tried before a jury, and the trial court granted Copeland's motion for directed verdict as to one count of selling cocaine. The jury acquitted Copeland of the two remaining charges of selling cocaine and found him guilty of possessing cocaine with intent to distribute and the firearm charge. Copeland's motion for new trial was denied. In this appeal, he raises the general grounds and alleges several evidentiary errors during trial. Finding none of Copeland's enumerations meritorious, we affirm his convictions.

1. Copeland contends that the evidence was insufficient to support his convictions because the State presented only circumstantial evidence of his guilt, while an unimpeached defense witness testified to facts within his personal knowledge clearly indicating Copeland's innocence.

We do not agree that the evidence was insufficient to authorize the jury to find Copeland guilty of the two charges on which he was convicted. The evidence presented at trial showed that Investigator N. J. (Nick) Neal was employed by the City of Lawrenceville Police Department and assigned to the Gwinnett County Narcotics Task Force. A confidential informant told Neal that an individual named Steven Lacour could place him in contact with someone who could supply him with cocaine. The informant introduced Neal to Lacour, from whom Neal bought cocaine on four occasions.

Neal testified that on each of the first three occasions he met Lacour, Lacour made a telephone call, and a red Jeep Cherokee met them. Lacour then took Neal's money, entered the Jeep for a few minutes, and returned with cocaine. The red Jeep was registered to Copeland. Neal testified that the second time he and Lacour met with the man in the Jeep he was able to see the driver clearly, and he identified that driver as Copeland. At the fourth and final meeting, Neal was to purchase $1,000 worth of cocaine. The buy was not completed. After Lacour took the money (which Neal had previously photocopied) and entered the Jeep, Neal gave a takedown signal to other officers, and both Lacour and Copeland were arrested.

As soon as Lacour and Copeland were removed from the Jeep, Neal located a quantity of cocaine on the vehicle's console. He also found a small quantity of crack cocaine under the console and a nine millimeter Glock handgun on the passenger seat. The gun was fully loaded, with seventeen bullets in the magazine and one in the chamber. Officers recovered $100 from Lacour's person and $900 from Copeland's person. The bills matched those Neal had photocopied.

Lacour was charged with all four drug offenses in the same indictment that charged Copeland. He pled guilty and testified in

Copeland's defense. He claimed full responsibility for selling Neal cocaine, testifying that the cocaine was his and that on each occasion Neal bought drugs from him, he had the cocaine in his jacket pocket at all times before handing it to Neal. On the last occasion, he saw the officers coming to the Jeep and dropped the cocaine in the Jeep. He asserted that he was just using Copeland as a cover, that Copeland never participated in or even knew about the drug sales, and that he did not get the cocaine he sold Neal from Copeland. He claimed to know Copeland because he once worked with him at an air conditioning business, his ex-wife knew Copeland's wife, and he sometimes worked for Copeland at Copeland's janitorial business. He testified that when he met Copeland in the Jeep they discussed Lacour's ex-wife or the possibility of Lacour picking up some extra cash by helping out in the janitorial business. Lacour refused to name his supplier.

Notwithstanding Lacour's testimony that Copeland knew nothing of the drug sales, $900 of the $1,000 of photocopied money that Neal had given Lacour to purchase the cocaine was found on Copeland's person, and Lacour did not claim ownership of the loaded gun found in Copeland's car. This evidence was consistent with the considerable circumstantial evidence detailing the four meetings, and it authorized the jury to believe the State's theory rather than Lacour's testimony as to Copeland's complete innocence. The evidence presented was sufficient to authorize the jury to find Copeland guilty of possessing cocaine with intent to distribute.

The same is true of the firearms charge. OCGA § 16-11-106 (b) (4) makes it a felony to have a firearm on one's person or "within arm's reach" while committing the crime of possessing cocaine with intent to distribute. Copeland argues that the State did not prove that the gun was "within arm's reach" of him, which was an essential element of the offense. But evidence was presented that the gun was found on the passenger seat of the Jeep and that Copeland had been driving. The jury had an opportunity to observe Copeland throughout the trial, and they were authorized to determine from their observation whether the weapon was within his arm's reach. The evidence was sufficient to authorize Copeland's convictions under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In response to a question concerning how he developed information leading to the arrest of Lacour and Copeland, Neal testified "I had a confidential informant who advised me that a Mr. Lacour . . . could put me in contact with somebody who could supply me with some cocaine." Copeland objected on hearsay grounds, and this objection was sustained. Copeland also sought a mistrial and requested that the trial court give the jury a curative instruction. The motion

was denied, and the trial court refused to give a curative instruction.

On appeal, Copeland contends that the trial court erred in denying his motion for mistrial and in refusing to give a curative instruction. He argues that the hearsay testimony in issue was objectionable both because it implied that Copeland was a supplier of cocaine without enabling him to cross-examine his accuser, the confidential informant, and because it impermissibly placed his character in issue. We do not agree.

First, the testimony detailing the information related by the confidential informant was given to explain Neal's conduct in pursuing the investigation and, as such, falls under a well-established exception to the rule against hearsay. *Goldsby v. State*, 186 Ga. App. 180, 183 (2) (367 SE2d 84) (1988).

Second, even assuming that Copeland was identifiable from the statement as the supplier, unlike the testimony in *Boyd v. State*, 146 Ga. App. 359 (2) (246 SE2d 396) (1978), that an informant had told the officer he had " 'set up a deal with a known narcotics dealer,' " Neal's testimony did not address Copeland's general bad character or his conduct in other illegal transactions. The testimony in this case, like that in *Bennett v. State*, 153 Ga. App. 21 (264 SE2d 516) (1980), referred "merely to the particular circumstances giving rise to the investigation and prosecution of" Copeland for the charged crime. Id. at 24 (II) (A). It did not therefore impermissibly place his character in evidence.

Finally, the testimony was admissible as part of the res gestae. *Gaston v. State*, 211 Ga. App. 116, 117 (3) (438 SE2d 107) (1993). It dealt with the manner in which the drug transactions that were the subject of the charged crimes were initiated.

3. Copeland asserts the trial court erred in admitting into evidence an audiotape surreptitiously made by Neal capturing Lacour's portion of a telephone call Lacour made in Neal's presence. Copeland's voice was not recorded, and Lacour never stated the identity of the party he was calling. Shortly after the call, however, Copeland arrived at the scene, and the buy was effected.

We first note that this evidence pertained to Neal's second buy, which comprised Count 2 of the indictment. Since Copeland was acquitted of this charge, his contention would be harmless even if error. *Russell v. State*, 226 Ga. App. 574, 576 (2) (486 SE2d 704) (1997). But we find no error.

Copeland argues that the State was required to prove the fact of a conspiracy before being allowed to present the declarations of one of the conspirators against another conspirator, and that it had not done so at the time the tape was played. Copeland's contention is an incorrect statement of the law. A trial court may admit testimony by co-conspirators before the conspiracy is shown, provided that the con-

spiracy is later shown. *Lee v. State*, 204 Ga. App. 283 (1) (418 SE2d 809) (1992).

Moreover, we do not agree that the State had not yet shown that Lacour and Copeland conspired to sell Neal cocaine when the tape was played. The fact of a conspiracy need not be shown by an express agreement; it may be shown by proof that the parties acted in a concerted manner to accomplish a crime. *Duffy v. State*, 262 Ga. 249, 250 (1) (416 SE2d 734) (1992). In this case, Neal testified that Lacour told him he had to meet someone else to get the cocaine for Neal. During the previous buy, when the red Jeep pulled up Lacour announced that "his man was there." After meeting with the red Jeep's occupant during the previous buy, Lacour had returned with the cocaine. The red Jeep's registered owner had been identified as Copeland. Neal's testimony showed the same pattern held for the second buy, when the telephone conversation was recorded. The trial court did not err in admitting the tape.

4. Copeland maintains the trial court erred in denying his motion for a directed verdict of acquittal as to Counts 1, 2, and 4 of the first indictment, and on the firearms charge. We have previously determined that the evidence was sufficient to support Copeland's conviction as to the charges of which he was convicted. It follows that the trial court did not err in denying his motion for a directed verdict as to these counts. See generally *Lewis v. State*, 215 Ga. App. 161, 163 (3) (450 SE2d 448) (1994).

Copeland was acquitted on the remaining charges, and thus any error as to those charges would be harmless. *Russell*, supra. We reject Copeland's argument that evidence presented as to these charges tainted the jury's consideration of the charges on which he was convicted. The evidence pertaining to the prior buys would have been admissible even had Copeland not been charged with separate crimes relating to those occasions, either as similar transactions or as part of the res gestae.

5. The trial court did not err in refusing Copeland's request for a charge on the equal access defense. This defense is not applicable to co-indicted co-conspirators such as Lacour and Copeland, who are charged with joint possession. *Castillo v. State*, 166 Ga. App. 817, 821-822 (2) (305 SE2d 629) (1983). Copeland has not suggested that any other person had equal access to his car during the relevant time periods.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 6, 1997.

*Felix J. Dowdell, Randall S. Rolader*, for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.