DECIDED MARCH 27, 2002 —
RECONSIDERATION DENIED APRIL 11, 2002 — 

George B. Spears, for appellant.

Thompson, Fox, Chandler, Homans & Hicks, Robert L. Chandler, for appellee.

## A02A0019. STATE PERSONNEL BOARD et al. v. McCORMICK.
### (564 SE2d 20)

MIKELL, Judge.

Ralph McCormick was terminated from his employment as a corrections officer with Ware State Prison based on evidence that he engaged in prohibited personal dealings with inmates by supplying them with sample cans of smokeless tobacco. The State Personnel Board ("board") upheld the termination. However, the superior court reversed, ruling that the administrative law judge's ("ALJ") initial factual findings were based upon inadmissible hearsay. We granted the application for discretionary appeal filed by the board and the Georgia Department of Corrections ("department"), and we reverse the superior court's decision.

"Viewed in a light most favorable to the department, the prevailing party before the board, and with every presumption in favor of the board's decision indulged,"[1] the evidence reveals that on May 22, 1998, a cache of 70 cans of tobacco was found during a "shakedown" of the prison's fabrication shop. Warden Ronald Fountain testified that he ordered the shakedown based on information supplied by corrections officer Wayne Stone. According to the warden, Stone called him the previous day and asked for a meeting. Because Stone sounded agitated, the warden asked Steve Roberts, the Deputy Warden of Security, to attend the meeting.

Fountain and Roberts each testified that when Stone arrived, he said he wanted no part of what was going on in the shop and was afraid of losing his job. Stone expressed concern that McCormick was trying to set him up by asking him to open a prison gate so that the inmates could bring in tobacco. Stone told his superiors where the contraband was hidden and asked the warden to order a shakedown so that it would not appear that Stone was a "snitch." In addition, Roberts testified that Stone said that McCormick had brought

---

[1] (Citations and punctuation omitted.) Dept. of Corrections v. Shaw, 217 Ga. App. 33 (456 SE2d 628) (1995).

tobacco into the shop on prior occasions. The tobacco was found exactly where Stone said it would be located.

When questioned initially about the meeting, Stone testified that he told Fountain and Roberts that he did not know who brought in the tobacco. Stone was recalled after Fountain and Roberts testified. When the ALJ asked Stone whether he recalled telling the warden that McCormick was responsible for bringing in the tobacco, Stone replied that he had only relayed what an inmate, Tony Chelewski, had told him. Chelewski, who worked in the shop, testified that McCormick had opened the gate and asked Chelewski to carry in a box of tobacco. Chelewski did as he was asked, and he and other inmates, including Tracy Matthews, took some of the cans. Matthews testified that McCormick had told him that the tobacco was at the gate. Matthews said he wanted to bring in the box, but Chelewski beat him to the task.

Based in part on the fact that after Stone met with Fountain and Roberts, the tobacco was found in the exact location where Stone said it would be hidden, the ALJ concluded that Fountain and Roberts's account of the meeting was more credible than the version testified to by Stone. The ALJ also concluded that the inmates' testimony corroborated the account of McCormick's involvement that Stone had relayed to Fountain and Roberts during their meeting. The ALJ thus upheld the termination of McCormick's employment.

1. In reversing the board's affirmance of the ALJ's decision, the superior court apparently concluded that the testimony of Fountain and Roberts as to what Stone said during their meeting was inadmissible under any exception to the rule against hearsay. That ruling is incorrect. OCGA § 24-3-2 provides: "When, in a legal investigation, information, conversations . . . and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." In this case, the testimony relaying Stone's statements explained the warden's conduct in ordering a shakedown of the fabrication shop. As such, it was admissible as original evidence.[2]

2. The superior court additionally erred in that it failed to apply the correct standard of judicial review. OCGA § 45-20-9 (m) provides that the court "shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact." This statute has been interpreted to mean that the court must affirm the board's decision if there is any evidence to support it.[3] In this case, the court apparently disregarded the testimony of inmates Chelewski and

[2] *Copeland v. State*, 228 Ga. App. 734, 737 (2) (492 SE2d 723) (1997).
[3] *Dept. of Corrections v. Shaw*, supra at 34 (1).

Matthews in determining that no probative evidence supported the board's decision.

> The board is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award. While the hearing officer and the board may choose to believe or disbelieve certain testimony, the superior court, when sitting as an appellate body, is not authorized to substitute its judgment as to the weight and credibility of the witnesses.[4]

The board found the inmates' testimony credible. The superior court was not authorized to substitute its judgment for that of the board with respect to the credibility of these witnesses. As there is evidence to support the board's decision, the superior court erred in reversing it.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 12, 2002 —
RECONSIDERATION DENIED APRIL 11, 2002.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Bryan K. Webb, Senior Assistant Attorney General,* for appellants.
*Sandra L. Michaels,* for appellee.

---

[4] (Citations and punctuation omitted.) Id. at 34-35 (1).